BALTZER *v.* RUTT.

LICENSES—CORPORATIONS—BLUE SKY LAW—LIABILITY OF ACCOM-
MODATION INDORSERS.

> Where corporate stock was sold in violation of blue sky law
> (2 Comp. Laws 1929, § 9769 *et seq.*), its delivery to purchaser
> constituted no consideration for notes given in payment there-
> for, and accommodation indorsers on said notes may not be
> held liable, where sale has been voided and stock tendered
> back.

Error to Kent; Perkins (Willis B.), J. Submitted
January 20, 1931. (Docket No. 18, Calendar No.
35,333.) Decided February 27, 1931. Rehearing
denied June 1, 1931.

Assumpsit by George R. Baltzer against G. H.
Rutt, Andrew A. Scott, C. E. Rutt, and C. Sophus
Johnson on promissory notes given for the sale of
corporate stock. Judgment for plaintiff. Defend-
ants Scott and Johnson bring error. Reversed as to
appellants.

*Joseph R. Gillard (George S. Baldwin,* of coun-
sel), for appellants.

*K. B. Matthews,* for appellee.

POTTER, J. Plaintiff sued defendants G. H. Rutt,
Andrew A. Scott, C. E. Rutt, and C. Sophus John-
son, in assumpsit on three promissory notes of
$2,500 each, dated September 1, 1928, due in 90 days
after date, with interest at 7% per annum. Two
of such notes were payable to plaintiff; one was
payable to K. L. Ashbacker; all of them were signed

by G. H. Rutt as maker. One of the notes given to
plaintiff as payee was indorsed on the back by An-
drew A. Scott, C. E. Rutt, and C. Sophus Johnson.
The other was indorsed by K. L. Ashbacker in addi-
tion to the other indorsers. The note payable to
Ashbacker was indorsed by Scott, C. E. Rutt, and
Johnson and without recourse by Ashbacker and
H. M. Hallett. The notes were not paid when due,
and, upon suit being instituted thereon, defendants
Scott and Johnson appeared, pleaded the general is-
sue, and gave notice that, as to them, the notes were
void because they were accommodation indorsers
without consideration, and known to be such by
plaintiff, who was estopped from claiming other-
wise; that the indorsements, as to them, were pro-
cured by fraud and conspiracy, without considera-
tion, in violation of the so-called blue sky law of
Michigan (2 Comp. Laws 1929, § 9769 *et seq.*).
There was judgment for plaintiff and defendants
bring error. They claim that even though plain-
tiff's claim be taken as true, the notes were given in
payment of stock purchased by defendants from
Rutt who was a broker for plaintiff, the transaction
was void under the blue sky law, the stock for which
the notes were given not having been approved by
the Michigan securities commission. It is conceded
there was no approval of the stock for which plain-
tiff claims the notes were given by the Michigan
securities commission. When the corporation, the
sale of whose stock is involved, was organized, 375
shares of its stock were taken in the name of Mr. G.
H. Rutt, with the understanding that when the stock
was sold the proceeds derived from the sale thereof
were to go into the corporate treasury to finance the
corporation. In *Barth* v. *Klicpera,* 248 Mich. 460, it
is said:

"There was no approval of the stock by the securities commission, and there were repeated sales of stock made by defendant Klicpera for the purpose of financing the corporation. It is manifest that the stock was in the name of Mr. Klicpera to enable him to dispose thereof as he found opportunity, and employ the avails in financing the corporation. The sale to plaintiff was in violation of the statute. Sales made in violation of the statute are voidable at the election of the purchaser, and, if voided and tender back is made, the amount paid for the stock may be recovered. The statute penalizes violations of its provisions, and awards a specific civil remedy for recovering the money paid, and such remedy is exclusive. At the election of the purchaser the statute makes it the duty of the seller to repay what he has received and grants an action for the recovery of the money or other consideration *had and received.* It is optional with the purchaser to retain the stock, or tender it back and be entitled to recover what has been paid. The right to rescind the purchase is statutory, and involves no issue of fraud, actual or constructive.''

Under the undisputed facts, the stock, not having been approved by the Michigan securities commission, was illegally issued, its delivery to defendants constituted no consideration for the indorsement of the notes in question, and appellants have a right to a discharge of liability on their indorsements, having tendered back to plaintiff the stock which was turned over to them for that purpose by defendant G. H. Rutt. As this disposes of the case, it is unnecessary to consider the other assignments of error. Judgment reversed, and judgment of no cause of action entered under Rule No. 79 for appellants, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.