BARTH v. KLICPERA.

1. LICENSES—CORPORATIONS—BLUE SKY LAW—REPEATED SALES.
    Repeated sales by corporation president of stock issued to him
    to enable him to dispose thereof as he found opportunity,
    and employ avails in financing corporation, where stock had
    not been approved by securities commission, were in violation
    of blue sky law (Act No. 220, Pub. Acts 1923), and voidable
    at option of purchasers.

2. SAME—VIOLATION—STATUTORY REMEDY EXCLUSIVE.
    Blue sky law penalizes violations of its provisions, and awards
    specific civil remedy for recovering back money paid in action
    of assumpsit, and such remedy is exclusive; no issue of fraud,
    actual or constructive, being involved.

3. SAME—TRIAL—TORT ACTION NOT AVAILABLE—SALE OF STOCK IN
    VIOLATION OF LAW VOIDABLE ONLY.
    Trial court was in error in permitting recovery in action of tort
    for violation of blue sky law, and was also in error in instruct-
    ing jury that violation of said statute rendered sale of stock
    void, since statute only makes it voidable at election of pur-
    chaser.

4. ACTION—ACTIONS IN TORT AND ASSUMPSIT DISTINGUISHED.
    Distinction between action in assumpsit and one in tort is not
    in form merely, but of substance; remedy in tort being much
    broader, permitting imprisonment under civil process.

5. FRAUD—ACTION MAINTAINABLE WHERE FRAUD OUTSIDE OF VIO-
    LATION OF BLUE SKY LAW.
    Action for fraud in sale of stock in violation of blue sky law
    may be maintained if declaration is broad enough to sustain
    action for fraud outside of violation of said statute, but
    recovery must be for fraud and not for violation of statute.

Error to Kent; Perkins (Willis B.), J.  Submitted
October 23, 1929.  (Docket No. 23, Calendar No.
34,393.)  Decided December 3, 1929.

On constitutionality of "blue sky laws," see annotation in
L. R. A. 1917F, 524; 15 A. L. R. 262; 24 A. L. R. 523; 27 A. L. R.
1169; 30 A. L. R. 1331; 40 A. L. R. 1014; 54 A. L. R. 498; 57 A.
L. R. 1004.

Case by Sarah A. Barth against Milhart F. Klicpera and Imperial Radio Corporation, a Michigan corporation, for fraud in the sale of stock in violation of blue sky law, Act No. 220, Pub. Acts 1923. From a judgment for plaintiff, defendants bring error. Reversed, and new trial granted.

*Dunham & Cholette,* for plaintiff.

*Fred P. Geib (Henry C. Hart,* of counsel), for defendants.

WIEST, J.   Is it a violation of the "blue sky law" for an organizer of a corporation, to whom all shares of the capital stock are issued, except two shares to qualify two other persons, and thus enable incorporation, to solicit and make sales of such stock in order to obtain money with which to finance the corporation business, without obtaining the approval of the stock issue by the State securities commission? If so, may a purchaser of such stock assert fraud and have recovery in an action of tort? Answers to these questions will decide issues presented for our review by the writ of error sued out by defendants. We answer the first question in the affirmative, and the second in the negative.

The statute, Act No. 220, Pub. Acts 1923, enacted to prevent fraud, deception, and imposition in the issuance, sale, or disposition of stocks, provides (section 20):

"Every sale or contract for sale of any security, not accepted for filing under this act * * * shall be voidable at the election of the purchaser, and the person making such sale * * * knowing such sale to be in violation of this act, shall be * * * liable to such purchaser, upon tender to seller or in court

of the securities sold * * * for the full amount paid by such purchaser * * * in any action brought under this section.''

The statute also constitutes such a violation a misdemeanor, except (section 5, subsec. [c]):

''In an isolated transaction in which any security is sold, offered for sale, or delivery, by the owner thereof, or by his representative for the owner's account, such sale or offer for sale or delivery not being made in the course of repeated and successive transactions of a like character by such owner, or on his account by such representative, and such owner or representative not being the underwriter of such security.''

There was no approval of the stock by the securities commission, and there were repeated sales of stock made by defendant Klicpera for the purpose of financing the corporation. It is manifest that the stock was in the name of Mr. Klicpera to enable him to dispose thereof as he found opportunity, and employ the avails in financing the corporation. The sale to plaintiff was in violation of the statute. Sales made in violation of the statute are voidable at the election of the purchaser, and, if voided and tender back is made, the amount paid for the stock may be recovered. The statute penalizes violations of its provisions, and awards a specific civil remedy for recovering the money paid, and such remedy is exclusive. At the election of the purchaser the statute makes it the duty of the seller to repay what he has received and grants an action for the recovery of the money or other consideration *had and received*. It is optional with the purchaser to retain the stock, or tender it back and be entitled to recover what has been paid. The right to rescind the purchase is statutory, and involves no issue of fraud, actual or constructive. The remedial action is also

statutory, and does not sound in tort. The statute grants right of recovery in an action of assumpsit. The suit at bar is an action on the case, commenced by *capias ad respondendum.*

Counsel for plaintiff moved the court to direct a verdict "on the ground that the undisputed testimony shows that this stock was sold under the blue sky law and, under section 20 of that statute, we are entitled to a verdict."

The court left to the jury only the question of the amount of damages to be awarded plaintiff. The court instructed the jury:

"Counsel (for defendant) has just stated that under the blue sky law the proper action to recover back money paid for stock sold contrary to the terms of that law is an action in assumpsit and not an action of tort. This action, as you have discovered by the testimony, is an action in tort whereby it is claimed that the plaintiff was defrauded. The declaration sets forth two bases for fraud: First, certain representations which were made to induce her to take this stock and transfer these contracts, which representations it is claimed were false and untrue; and secondly, that in any event the sale of stock to her was in violation of the statutes of this State relative to the sales of stock, and that therefore she would be entitled to recover her money back or the value of her property which she parted with in the transaction.

"Now, I am taking but one horn of this dilemma to dispose of this case, and that is the alleged violation of the blue sky law."

The court then called attention to the provisions of the blue sky law, and further instructed the jury:

"So I conclude as a matter of law under the undisputed testimony the fact that this was not an isolated sale coming within the exception of the statute,

and not being an isolated sale, it was a sale in violation of the terms of this statute and therefore void, and it being a sale in violation of the statute and being void and being subject to a penalty as a misdemeanor, the act of sale is *per se* a fraud, because a person cannot violate a law, commit an act, and not be responsible as for a fraud.

"Now, that being the conclusion of the court, the only question to consider is as to the value of the property which the plaintiff gave in exchange for this stock."

It was error to permit a recovery in an action of tort for a violation of the provisions of the blue sky law. The court was also in error in instructing the jury that a violation of the blue sky law rendered the sale of stock void, for the statute only makes it voidable at the election of the purchaser. For defendants' violation of the blue sky law, the plaintiff's remedy, if any, was an action in assumpsit and not one in tort. The statute so provides, and if plaintiff invokes the benefit of the statute she must accept the remedy there provided.

The distinction between an action in assumpsit and one in tort is not in form merely, but of substance. The remedy in tort is much broader, for it permits imprisonment under civil process.

If plaintiff's declaration is broad enough to sustain an action for fraud, outside of a violation of the blue sky law, then she may maintain this suit, but if she has judgment it must be for such fraud, and not for a violation of the blue sky law.

The judgment is reversed, and a new trial granted, with costs to defendants.

NORTH, C. J., and FEAD, BUTZEL, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.