FIRST STATE SAVINGS BANK *v.* DAKE.

1. FRAUD—FALSE REPRESENTATION OF INDORSER AS TO NET WORTH—
   EVIDENCE—SUFFICIENCY.

   In action by bank against indorser for false representations
   made in his financial statement for purpose of securing credit
   for corporation in which he was officer, evidence *held*, sufficient
   to justify finding of trial court that defendant's statement as
   to his total ''net worth'' was in fact false.

2. SAME—LIABILITY FOR FRAUD.

   Officer of corporation who indorsed its notes at bank and se-
   cured credit for it by means of false representation as to
   his total ''net worth'' may not evade liability for fraud by
   showing that certain officials of corporation were also officers
   in bank, where they were not members of discount committee
   to which financial statement was submitted, and who passed
   on loans made.

3. SAME—RELIANCE ON CONTINUING REPRESENTATION.

   That bank directors enlarged line of credit to corporation is no
   indication of intent on their part to make loans to it inde-
   pendent of indorsements, where indorser's financial statement,
   made to bank for purpose of securing credit for corporation,
   was continuing representation of his responsibility.

4. SAME—RIGHT OF ACTION.

   Where bank was induced by false statement of indorser as to his
   net worth to accept notes of corporation indorsed by him, no
   legal duty rested on bank to first seek recovery in action on
   notes, but it was entitled to recover in action on fraud against
   indorser.

5. SAME—DAMAGES—MEASURE OF DAMAGES.

   In action by bank against indorser on corporation's notes for
   fraud in misrepresenting his net worth, measure of bank's
   damages is amount of unpaid notes with interest thereon.

Error to Muskegon; Cross (Orien S.), J., presid-
ing. Submitted April 16, 1930. (Docket No. 44,
Calendar No. 34,727.) Decided June 2, 1930.

Case by First State Savings Bank of Muskegon Heights against George E. Dake for fraudulent statements made to secure credit for corporation of which he was officer. From judgment for plaintiff, defendant brings error. Affirmed.

*William J. Balgooyen* and *Alexis J. Rogoski,* for plaintiff.

*Alexander Sutherland* (*Cross, Foote & Sessions,* of counsel), for defendant.

SHARPE, J. The Panyard Machine & Manufacturing Company, a corporation, was engaged in business in Muskegon Heights in 1927. G. V. Panyard was its president. In June of that year he asked for a line of credit at the plaintiff bank in the sum of $10,000, the notes of the company to be indorsed by him and E. B. Dake. The board of directors of the bank decided to extend the credit as requested. A note of the company for $6,000 was presented to the bank on July 1st. It was indorsed by Panyard and G. E. Dake, the defendant. Panyard informed the officials of the bank that defendant was an officer of the company. He is the son of E. B. Dake. While the officers were satisfied with the indorsement of E. B. Dake, they had no knowledge of the property owned by the defendant, and asked that he file a financial statement with the bank. He did so on July 22d, and in it he listed his assets and liabilities showing a net worth of $40,279.20. Relying on this statement, the bank thereafter accepted notes of the corporation, indorsed by Panyard and the defendant, some of which were renewed, amounting at the time of the trial to more than $14,000. These notes not having been paid, and the officers of the bank,

having information that the corporation was in financial difficulty, demanded payment from the indorsers. They did not respond, whereupon the bank brought this action in tort against the defendant, alleging in the declaration that the representations made by the defendant in such statement were false and fraudulent and were relied on by the plaintiff and damage sustained thereby to the amount of such notes and interest thereon.

The case was tried before the court without a jury. In his findings the court found that the facts stated in the financial statement were false. In so finding, he erred in holding that the stock of the Panyard company was worth much less than stated therein. He, however, found that defendant had not paid for the interest in realty stated to be worth $12,500, and that he did not disclose a then liability on a note to the American State Bank of $7,500. He further found that the plaintiff was induced to loan the money on the notes by reason of such statement, and that it had sustained damages to the amount ·due thereon, and entered judgment for the plaintiff for $14,025.96. Defendant seeks review by writ of error.

We will consider the assignments in the order discussed by defendant's counsel.

1. *False Representations.* Eliminating consideration of the value of the stock in the Panyard company, the evidence justified the finding that defendant's statement that his total "net worth" was $40,279.20 was false in fact. No such sum could fairly be fixed by him if honestly seeking to inform the plaintiff of his financial standing.

2. *Plaintiff's Reliance Thereon.* This finding is based upon the testimony of plaintiff's official. The effort of defendant to evade its effect by showing

that Mr. Panyard and Mr. Morton, who were officials of the Panyard company, were also officers in plaintiff bank, was without avail. Neither of them were members of plaintiff's discount committee, to which the financial statement was submitted, and who passed upon the loans made.

It also appears that on March 13, 1928, plaintiff's board of directors by resolution authorized a credit to the Panyard company of $22,000, without any provision therein as to indorsements. This action must be considered in the light of the following, which appears in defendant's financial statement:

"For the purpose of procuring credit from time to time, the undersigned hereby makes to you the foregoing statement of the financial condition of the undersigned on the date stated above; and the undersigned hereby maintains and guarantees that said statement is in all respects true and correct; and you may consider said statement as to the pecuniary responsibility of the undersigned as continuing to be true and correct until written notice of a change is given you by the undersigned."

The notes thereafter given were indorsed by the defendant. The financial statement was a continuing representation of defendant's responsibility. The enlargement of the line of credit is no indication of an intent on the part of the directors to make such loans independent of the indorsements, nor did they do so.

3. *Plaintiff's Damages.* Defendant's counsel are insistent that to entitle plaintiff to recover more than nominal damages it must prove what, if any, sums it may secure in the bankruptcy proceedings of the Panyard company, and that the notes cannot be collected from G. V. Panyard and the defendant, the indorser thereof.

Had the liability of the defendant been dependent upon his guaranteeing the collection of the notes, this claim would be well founded. *Bosman* v. *Akeley,* 39 Mich. 710 (33 Am. Rep. 447). But, in this case, the fraud was completed when defendant, by his false financial statement, induced the plaintiff to loan the money on these notes, and a right of action then accrued.

"Where plaintiff has been induced to accept notes by fraud he may sue without waiting for the maturity of the notes, or making an effort to collect them." 27 C. J. p. 20.

When the notes became due, and were not paid by the maker, demand for payment was made upon the indorsers. Such demand not having been complied with, plaintiff was at liberty to seek any remedy open to it to relieve itself from loss. It discovered the fraudulent nature of defendant's financial statement, on which it had relied in extending the credit. It sought its remedy in this action to recover the damages it had sustained. It had been fraudulently induced by defendant to part with its money, and no legal duty rested on it to seek recovery in an action upon the notes. *Merlau* v. *Kalamazoo Circuit Judge,* 180 Mich. 393. It seems clear that the damages to which it is entitled are the amounts of the several notes and interest thereon.

The judgment is affirmed.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.