### WALTON v. SEMMLER.

1. MINES AND MINERALS—CONTRACTS—STATUTES—BLUE SKY LAW.
   A contract for sale of a 1/32 interest of leasehold working in-
   terest in an oil and gas lease, subject to and in violation of
   former blue sky law is not void per se, but voidable at the
   election of the purchaser (CL 1948, CLS 1961, § 451.101 *et
   seq.* as amended).

2. STATUTES—PURPOSE OF BLUE SKY LAW—FRAUD.
   Object of former blue sky law, as expressed in its title, was
   "to prevent fraud, deception and imposition in issuance, trade,
   purchase, exchange, sale or disposition of stocks, bonds, and
   other securities sold, traded, purchased, exchanged or offered
   for sale, trade, purchase or exchange within the State of
   Michigan" (CL 1948, § 451.101 *et seq.*, as amended).

3. CONTRACTS—VOIDABLE CONTRACT—BLUE SKY LAW.
   Contract made in violation of former blue sky law was voidable
   at election of purchaser, it being optional with purchaser as
   to whether he desired to retain securities purchased or tender
   same to seller and recover purchase price (CL 1948, § 451.120).

4. STATUTES—OBJECT—TITLE OF ACT.
   A statute may have only one object which shall be expressed
   in its title.

5. CONTRACTS—DEFENSES—BLUE SKY LAW.
   Provisions of former blue sky law held no defense to action
   for liability assumed under written contract to purchase se-
   curities, where contract was not voided by purchaser, such

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 5]  47 Am Jur, Securities Acts § 40.
   17 Am Jur 2d, Contracts §§ 7, 217.
[2]  47 Am Jur, Securities Acts § 1.
[4]  50 Am Jur, Statutes §§ 159, 160, 163, 190, 199.
[6]  41 Am Jur, Pleading §§ 340–342

defense not being within object of act as expressed in its title (CL 1948, § 451.101 *et seq.,* as amended).

6. SAME—SUMMARY JUDGMENT.

Summary judgment based on provisions of former blue sky law *held,* improper, where defendant purchaser invoked statute not to void contract, but solely to avoid remaining written contractual liability for purchase of securities, since imposition of statute solely to avoid such liability was not within purposes of statute as expressed in its title (CL 1948, § 451.101 *et seq.,* as amended).

Appeal from Common Pleas Court of Detroit; Vokes (David C.), J. Submitted Division 1 February 7, 1967, at Detroit. (Docket No. 1,959.) Decided April 25, 1967.

Declaration by H. E. Walton, doing business as Walton Oil Company, against R. W. Semmler for moneys allegedly due plaintiff under a written contract for the assignment of an interest in certain oil and gas leases in return for the assumption of proportional development and operating costs. Summary judgment for defendant. Plaintiff appeals. Reversed.

*Wilson Templin, Basso & Basso* (*Louis G. Basso, Jr.,* of counsel), for plaintiff.

*Arthur J. Hass,* for defendant.

QUINN, J. Plaintiff sued defendant in common pleas court of Detroit to collect amounts allegedly due from defendant to plaintiff under a written .contract admittedly subject to the provisions of the blue sky law, CL 1948, § 451.101 *et seq.,* as amended (Stat Ann 1964 Rev § 19.741 *et seq.*).* Defendant pleaded

---

* Although these statutes were repealed by PA 1964, No 265, they are applicable to this case. See section 417(b) of Act No 265 (CL 1948, § 451.817[b] [Stat Ann 1965 Cum Supp § 19.776(417) (b)]).

the contract was void under the provisions of the blue sky law and his motion for judgment of no cause for action was granted at the close of plaintiff's case. Plaintiff appeals.

By written contract of June 4, 1959, plaintiff agreed to assign to defendant an undivided 1/32 of the leasehold working interest in a certain oil and gas lease and acknowledged receipt of $1,250 as defendant's proportionate share of the operating and drilling expense to date of contract. Defendant agreed to pay promptly his proportionate share of the cost of equipping the well for production and the operating expense thereof; defendant was to own his share of equipment. The other provisions of the contract are not pertinent to decision.

A well was completed in March, 1960, and plaintiff assigned defendant his interest therein. Plaintiff billed defendant $869.73 for completion costs and defendant paid $750 on this billing, but he has never paid the balance of $119.73 or his share of operating costs through August of 1965 in the amount of $614.45. By this suit, plaintiff sought recovery of $734.18 plus interest of $68.81.

The pertinent provision of the statute is CL 1948, § 451.120 (Stat Ann 1964 Rev § 19.760), which reads, so far as applicable here, as follows:

"Every sale or contract for sale of any security, not accepted for filing or otherwise exempt under this act or made contrary to any order of the commission, or made contrary to any provision of this act, shall be voidable at the election of the purchaser, and the person making such sale or contract for sale * * * shall be * * * liable to such purchaser, upon tender to the seller or in court of the securities sold or of the contract made, for the full amount paid by such purchaser, together with all taxable court costs, in any action brought under this section: Provided, That no action shall be brought for the

recovery of the purchase price after 2 years from the date of such sale or contract for sale."

It is conceded the contract here involved comes within the foregoing provisions, and the question is what is the effect of those provisions on the situation presented here, namely: the purchaser makes no election to void the contract until sued thereon, and then only to avoid liability on the contract.

By the terms of the statute, this contract is voidable at the election of the purchaser; it is not void. *Barth* v. *Klicpera* (1929), 248 Mich 460. The object of the blue sky law as stated in its title is "to prevent fraud, deception and imposition in issuance, trade, purchase, exchange, sale or disposition of stocks, bonds and other securities sold, traded, purchased, exchanged or offered for sale, trade, purchase or exchange within the State of Michigan." The courts have reiterated that this is its object. *Barth, supra; Stone* v. *Indemnity Insurance Company of North America* (1934), 267 Mich 580. As stated in *Barth, supra,* at page 462:

"Sales made in violation of the statute are voidable at the election of the purchaser, and, if voided and tender back is made, the amount paid for the stock may be recovered. The statute penalizes violations of its provisions, and awards a specific civil remedy for recovering the money paid　*　*　*　. At the election of the purchaser the statute makes it the duty of the seller to repay what he has received and grants an action for the recovery of the money or other considerations had and received. It is optional with the purchaser to retain the stock, or tender it back and be entitled to recover what has been paid."

We do not believe the application of section 451-.120, *supra,* contended for by defendant and as made by the trial judge is within the object of the statute.

Since it can have but one object, which shall be expressed in its title (Const 1908, art 5, § 21), we hold the statute does not afford defendant the defense here asserted.

Reversed and remanded to the trial court for entry of judgment for plaintiff, who may recover his costs in this Court also.

LESINSKI, C. J., and BURNS, J., concurred.