ORMSBY v KALTENBACH

Docket No. 89305. Submitted March 10, 1987, at Lansing. Decided August 18, 1987.

Delmas Ormsby in his capacity as a commissioner of the Saginaw County Board of County Road Commissioners brought an action by leave granted for quo warranto in the Saginaw Circuit Court against Charles P. Kaltenbach, alleging that the exception to the mandatory retirement provision of the Municipal Employees' Retirement Act applied to him and that he was entitled to serve out his term of office. Plaintiff had been retired at age seventy by the Saginaw County Board of Commissioners and defendant had been appointed to serve out the remainder of plaintiff's term on the Board of County Road Commissioners. The court, Robert L. Kaczmarek, J., granted summary disposition for defendant. Plaintiff appealed.

The Court of Appeals *held:*

For purposes of the exception to the mandatory retirement provision of the Municipal Employees' Retirement Act, the term "governing body" refers to the governing body of the participating municipality, not to the governing body of any unit of government that would otherwise fit the act's definition of a municipality. Since plaintiff was not a member of the governing body of the participating municipality, the exception did not apply to him.

Affirmed.

MUNICIPAL CORPORATIONS — MUNICIPAL EMPLOYEES' RETIREMENT ACT — GOVERNING BODY — MANDATORY RETIREMENT.

For purposes of the exception to the mandatory retirement provision of the Municipal Employees' Retirement Act, the term "governing body" refers to the governing body of the participat-

REFERENCES

Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 139 *et seq.*

Am Jur 2d, Pension and Retirement Funds §§ 39 *et seq.*

Mandatory retirement of public officer or employee based on age. 81 ALR3d 811.

See also the annotations in the Index to Annotations under Pension and Retirement.

ing municipality, not to the governing body of any unit of government that would otherwise fit the act's definition of a municipality (MCL 38.1502, 38.1502a[5], 38.1511[1]; MSA 5.4001[2], 5.4001[2a][5], 5.4001[11]).

*Rosenbaum, Clarke & Foster* (by *Paul A. Rosenbaum*), for plaintiff.

*Borrello, Thomas & Jensen, P.C.* (by *Jill K. Smith*), for defendant.

Before: DANHOF, C.J., and SAWYER and H. J. SZYMANSKI,* JJ.

PER CURIAM. Plaintiff appeals from an order granting summary disposition to defendant pursuant to MCR 2.116(C)(10). We affirm.

The issue presented is whether the Saginaw County Board of Commissioners properly subjected plaintiff to mandatory retirement pursuant to § 11 of the Municipal Employees' Retirement Act of 1984 (MERA), MCL 38.1511; MSA 5.4001(11). The uncontroverted facts, established by the parties' averments, were that plaintiff was forced to retire prior to the December 31, 1986, expiration of his term of office as a commissioner of the Saginaw County Board of County Road Commissioners because he attained his seventieth birthday in 1985. Defendant was appointed in plaintiff's place by a majority vote of the county commissioners to serve the unexpired portion of the term of office.

MCL 38.1511(1); MSA 5.4001(11)(1) provided:

A member, except a member of the governing body or an elected official, shall be separated from employment by the participating municipality not later than the first day of the calendar month next following attainment of age 70 years. Service ren-

* Circuit judge, sitting on the Court of Appeals by assignment.

dered and compensation paid on account of service rendered after attainment of age 70 years shall be disregarded for the purposes of this act. A member shall not contribute to the retirement system after attainment of age 70 years.

The County of Saginaw elected to become a participating municipality within the meaning of the MERA in accordance with the procedure now set forth in MCL 38.1541; MSA 5.4001(41). See also MCL 38.1502c(1); MSA 5.4001(2c)(1). In order to avoid the operation of the mandatory retirement provision, plaintiff argues that he falls within the statutory exception for "a member of the governing body."

Our resolution of the question whether plaintiff is excepted from mandatory retirement is guided by the statutory definitions set forth in the MERA. See MCL 38.1502; MSA 5.4001(2). A governing body is defined to include both "the representative legislative body of a municipality" and "the administrative board or commission" of an "instrumentality which does not have a representative legislative body." MCL 38.1502a(5); MSA 5.4001(2a)(5). In turn, a "municipality" is defined to include, among other units of government, both a county and a county road commission. MCL 38.1502b(4); MSA 5.4001(2b)(4). Plaintiff argues that these definitions compel the conclusion that the Saginaw County Board of County Road Commissioners was a governing body and that he, as a member of that governing body, was not subject to mandatory retirement. We disagree.

The mandatory retirement statute indicates that the employee subject to retirement must be separated from employment by the "participating municipality." MCL 38.1511(1); MSA 5.4001(11)(1). The mention of the participating municipality is

significant because the MERA is for the most part applicable only to participating municipalities, i.e., municipalities that elect to participate in the retirement plan provided by the MERA. We hold that the reference in the statute to the governing body must be read to refer to the participating municipality, not to the governing body of any unit of government that would otherwise fit the MERA definition of a municipality. In other words, the exception applies only to members of the governing body of a participating municipality. Our reading is in keeping with the principles of statutory construction that the statute should be construed as a whole, *Oxford Twp v Dep't of Social Services,* 120 Mich App 103, 108; 327 NW2d 409 (1982), and that the scope of a statutory exception is to be narrowly construed, *Rzepka v Farm Estates, Inc,* 83 Mich App 702, 706-707; 269 NW2d 270 (1978).

In the instant case, the County of Saginaw was the participating municipality, and members of the board of county road commissioners realized their benefits under the MERA through the county's participation. The governing body of the County of Saginaw is the county board of commissioners, not the board of county road commissioners. See MCL 46.11; MSA 5.331. Hence, plaintiff does not qualify under the statutory exception to mandatory retirement as a member of the governing body of the participating municipality.

Plaintiff also argues that the procedure for removal of a road commissioner provided in MCL 224.6(1); MSA 9.106(1) is the exclusive means of ending a road commissioner's period of service prior to the expiration of his term. We conclude that the Legislature's enactment of statutes providing both for a removal procedure and for mandatory retirement under the MERA are not incon-

sistent because the two provisions are applicable to different contexts. The former appears directed at situations where alleged misconduct might necessitate removal. The latter, a legislative judgment to require termination of office at a specified age, allows the county board of commissioners no discretion at all to decide whether to require retirement. The latter instance is applicable here.

Affirmed.