**INVESTORS EQUITY GROUP,
a Michigan corporation,
Plaintiff,**

v.

**ROSENKRANTZ LYON & ROSS, INC., a foreign corporation, Kamal Hughes, Universal Symetrics Corporation, a foreign corporation, Juris Mednis and Leslie Wicks, jointly and severally, Defendants.**

No. 5:90–CV–43.

United States District Court,
W.D. Michigan, S.D.

May 18, 1993.

Michael H. Perry, Iris K. Socolofsky, Fraser, Trebilcock, Davis & Foster, PC, Lansing, MI, for plaintiff.

Phillip J. Neuman, Jacob & Weingarten, PC, Troy, MI, Scott K. Nigro, Feinberg, Felzen & Nigro, New York City, Jerome F. Rock, Grosse Pointe, MI, for defendants.

## *OPINION*

QUIST, District Judge.

Plaintiff Investors Equity Group, Inc. (IEG) filed this action seeking rescission of the sale of certain securities plaintiff purchased from the defendant Rosenkrantz, Lyon & Ross. This Court conducted a bench trial on February 9 and 10, 1993. On April 22, 1993, this Court issued an Opinion denying the plaintiff's claim for recovery. IEG filed a timely motion under Fed.R.Civ.P. 52(b) requesting this Court to Amend the Court's Findings/Make Additional Findings and Amend the Judgment.

### *Analysis*

In its April 22, 1993, Opinion, this Court found that the defendants had not estab-

---

lished the elements of their *in pari delicto* defense. However, the Court also found that the defendants' violation of the Michigan Uniform Securities Act was *de minimis*. The finding that the defendants' violations were *de minimis* was a legal conclusion.

In its motion to amend/make additional findings, IEG requests the Court to make these findings:

1. The word 'shall' as it appears in § 402(b)(9)(C) and § 410 of the Act is mandatory. The Plaintiff IEG is entitled to rescind its purchase of the Universal Symetrics security because the Defendants violated the Act's mandate.

2. The Defendant has admitted that IEG is entitled to rescind the Universal Symetrics' investment and receive its $250,000 plus 6% interest.

3. Plaintiff is entitled to rescind its September 11, 1989 and September 19, 1989 purchases of the Chronodynamics stock, receive a return of $8,125 and $16,500 together with 6% interest thereon from the dates of purchase until the date of Judgment and attorneys fees.

As to proposed finding one set forth above, plaintiff contends that this Court is "duty bound" to strictly enforce the provisions of § 410 of the Uniform Securities Act. M.C.L. § 451.810(a); M.S.A. § 19.776(410)(a). Section 410 creates liability for persons who offer or sell securities in violation of section 301 of the Act.[1] In its Opinion of April 22, 1993, 822 F.Supp. 429, this Court found that at the time plaintiff purchased the securities they were exempt from registration pursuant to M.C.L. § 451.802(b)(9); M.S.A. § 19.776(402)(b)(9). The plaintiff argues that even though a securities transaction is an exempt transaction when made, the transaction loses its exempt status retroactively if the broker (or issuer) does not timely file a confidential report of offering with the Michigan Department of Commerce.

First of all, that is not what the statute says. The statute explains how a transaction becomes exempt; it does not state how the exemption is lost. This Court's analysis, as contained in its April 22, 1993 Opinion, supports Judge Hillman's common sense approach. Judge Hillman's prior opinion constitutes the "law of the case."

In addition, Judge DeMascio, in an oral opinion, held that the failure to file the confidential report of offering did not permit a buyer of the securities to rescind the sale. *Kelly v. Oklahoma Land and Exploration 1980 Drilling Program, Ltd.*, No. 83–cv–2890–DR (E.D.Mich. July 6, 1984). Judge DeMascio's decision, as pointed out by the plaintiff, certainly is not binding upon this Court. However, as I stated in the April 22 Opinion, *Kelly* is instructive.[2] It is another common sense interpretation of the statute.

Plaintiff's proposed amendment number two asks the Court to find that defendant admitted IEG is entitled to rescind the Universal Symetrics' investment. In support of its position, plaintiff cites Defendants' Proposed Findings of Fact which state:

If Plaintiff had demanded rescission when he first learned that the Confidential Report of Offering was not filed, Plaintiff would have been entitled to the return of his consideration, $250,000 plus six percent (6%) interest.

Defendants' Proposed Findings of Fact and Conclusions of Law, ¶ 32, p. 5.

The facts as established during trial clearly reveal that plaintiff did *not* demand rescission when it first learned that the report of offering had not been filed. Indeed, plaintiff had its lawyers draft a letter requesting rescission but waited to send the letter until Universal defaulted on the loan. Despite the

---

**1.** This Court's reference to M.C.L. § 451.810(a); M.S.A. § 19.776(410)(a) was not a mistaken or intentional miscite of that statute. This Court paraphrased the statute by stating that a person "is" liable. Moreover, the amendments cited by the plaintiff took effect on November 30, 1990—after the transactions at issue in this case took place.

**2.** At the conclusion of proofs, this Court directed counsel to Cyril Moscow & Hugh H. Makens, *Michigan Securities Regulation* § 6.03 (1983 & Supp.1986) and specifically gave counsel the *Kelly v. Oklahoma Land & Exploration 1981 Drilling Program, Ltd.*, citation, among others. Trial Transcript, Docket entry # 81, at 45–46. Certainly, both counsel knew the Court was looking at this case.

438

plaintiff's questionable conduct, this Court did not accept the defendant's *in pari delicto* defense. The Court rejected the "timing" argument. In essence, plaintiff "won" under that particular theory. It lost, however, under the *de minimis* theory which has nothing to do with the issue of when the plaintiff made its demand for rescission. This Court finds that defendants did not abandon their *de minimis* defense and admit liability.

Plaintiff's final proposed finding states that it is entitled to rescind the September 11, 1989, and September 19, 1989, purchases of Chronodynamics stock because defendants conceded the Chronodynamics' claims. This Court's prior Opinion, however, addressed the Chronodynamic's transactions. It found that the defendants' failure to file the confidential report of offering did not result in the loss of the transactions' exempt status. The Court does not believe that the defendants failed to address this claim.

### Conclusion

For the reasons stated above and in this Court's Opinion dated April 22, 1993, plaintiff's motion to amend and/or make additional findings pursuant to Fed.R.Civ.P. 52(b) is DENIED. An Order consistent with this Opinion will be entered.