**INVESTORS EQUITY GROUP, INC., Plaintiff–Appellant,**

v.

**UNIVERSAL SYMETRICS CORPORATION; Rosenkrantz, Lyon & Ross, Inc.; Kamal Hughes; Juris Mednis; Leslie A. Wicks, Defendants–Appellees.**

No. 93–1760.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 19, 1994.

Decided May 9, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied July 14, 1995.*

---

* Nelson, Circuit Judge, would grant rehearing for    the reasons stated in his dissent.

**160**

Michael H. Perry (argued and briefed), Mark R. Fox, Fraser, Trebilcock, Davis & Foster, Lansing, MI, for plaintiff-appellant.

Phillip J. Neuman, Jacob & Weingarten, Troy, MI, for Universal Symetrics Corp.

Scott K. Nigro, Feinberg, Felzen & Nigro, New York City, Liviu Vogel (argued and briefed), Salon, Marrow & Dyckman, New York City, for Rosenkrantz, Lyon & Ross, Inc., Kamal Hughes, Juris Mednis, Leslie A. Wicks.

Before: KENNEDY, WELLFORD, and NELSON, Circuit Judges.

WELLFORD, J., delivered the opinion of the court, in which KENNEDY, J., joined. NELSON, J. (pp. 163–64), delivered a separate dissenting opinion.

WELLFORD, Circuit Judge.

Investors Equity Group ("IEG" or "plaintiff"), a Michigan corporation dealing in commercial real estate, filed a diversity action against Rosenkrantz, Lyon & Ross, Inc. ("RLRI"), a licensed stock brokerage firm, Kamal Hughes, an account executive at the Chicago offices of RLRI, and others (collectively "defendants"). Plaintiff, through its president and sole shareholder, Roger Thornburg, alleges that the defendants sold securities in violation of the Michigan Blue Sky Laws, which require securities to be either registered or exempt from registration. See Mich.Comp.Laws Ann. §§ 451.701, 451.802(b)(9)(C). Plaintiff sought rescission of the sale and recovery of the purchase price, together with interest and attorneys' fees, pursuant to section 410 of the Michigan Uniform Securities Act ("Act"). *Id.* § 451.810(a)(1). Plaintiff filed motions for judgment on the pleadings and summary judgment, arguing that the Michigan Blue Sky Laws impose strict liability for failure to register non-exempt securities. The district court[1] rejected plaintiff's strict liability theory, maintaining that "Michigan courts do not hold that violation of the Act justifies granting the Act's remedies under all circumstances." No. 5:90–CV–43, 1992 WL 501775, at *3 (W.D.Mich. Apr. 8, 1992). The district court specifically recognized two defenses which might prevent the plaintiff's recovery—*in pari delicto* and a *de minimis* violation. *Id.* at *3–4.

Following a two day bench trial on the issue of whether defendants satisfied either equitable defense, the district court denied plaintiff's claim for rescission. The district court held that defendants, though not entitled to the equitable defense of *in pari delicto*, were not liable for a *de minimis* violation of the Act. 822 F.Supp. 429, 434, 436 (W.D.Mich.), *modified,* 822 F.Supp. 436 (W.D.Mich.1993).

Plaintiff seeks relief from two securities transactions with defendants because the defendants neither registered the securities nor complied fully with the Michigan statutory requirements for exemption. With respect to the Universal Symetrics transaction, defendants did not file the confidential report of offering with the administrator of the Michigan Department of Commerce, Corporations and Securities Bureau within thirty days after the initiation of the offering and every ninety days thereafter as required in section 402(b)(9)(C). See Mich.Comp.Laws Ann. § 451.802(b)(9)(C). In fact, defendants did not file the report until after plaintiff brought suit. With respect to the Chronodynamics transaction, defendants never filed a report at all.

Section 301 of the Act provides that "[i]t is unlawful for any person to offer or sell any security in this state unless (1) it is registered under this act or (2) the security or transaction is exempted under section 402."

---

1. Senior District Judge Hillman rendered this decision.

*Id.* § 451.701. Section 402(b)(9)(C) provides that a security is exempt from registration if

> [a] commission is not paid or given ... for soliciting any prospective purchaser in this state, except to a broker-dealer registered pursuant to this act who is not affiliated with the issuer or its affiliates.... The broker-dealer or issuer shall file with the administrator on such forms as the administrator prescribes, a confidential report of offering within 30 days after initiation of the offering in this state and every 90 days thereafter until the final report of completion of the offering. ·

*Id.* § 451.802(b)(9)(C). Furthermore, section 410 provides that any person who offers or sells a security in violation of section 301 shall be liable to the person buying the security for "the consideration paid for the security ... together with interest at 6% per year from the date of payment, costs, and reasonable attorneys' fees." *Id.* § 451.810(a). In denying the plaintiff recovery under section 410, the district court recognized, in essence, an exception to liability under the Act for a *de minimis* violation.

The parties do not dispute that defendants violated the Act by failing to file the confidential report of offering within the thirty-day period as to the Chronodynamics transaction. On appeal to this court, IEG challenges the district court's interpretation that the above provisions do not impose strict liability and that defendants were entitled to assert equitable defenses.

Before ruling on this appeal, we sought clarification from the Michigan Supreme Court as to (a) whether a *de minimis* violation is a recognized defense in a rescission action based on a failure to comply with the registration requirements of the Michigan Blue Sky Laws, and (b) whether defendants' failure to comply with the registration requirements in this case constituted a *de minimis* violation. Regrettably, the Michigan Supreme Court, one justice dissenting, declined our request to answer the certified questions in this case. In the absence of guidance from the Michigan Supreme Court,

we must attempt to answer these difficult questions of Michigan law.

The district court first determined that, when IEG made its investment, the offering in question was "entitled to exemption from registration because the Confidential Report of Offering was not yet due." 822 F.Supp. at 435. Since the offering of Universal occurred, as found by the district court, in September, 1989, the report prescribed by · section 402 would not have been due until October, 1989, at the earliest. This would have followed the issuance to IEG on September 29, 1989. Thus, the district court concluded that the Universal securities transaction in September of 1989, was exempt regardless of whether RLRI's subsequent failure to file the confidential offering report every ninety days thereafter was a *de minimis* violation. If, as IEG argued, the sale took place in July of 1989, the thirty-day report was required to be filed in August, before the September, 1989 transaction occurred. The district court determined that the Universal transaction occurred in September. *Id.* at 430, 431. This finding was not clearly erroneous; indeed, it is in conformity with the plaintiff's allegations in the first amended complaint.

Thornburg invested $250,000 in Universal, receiving in exchange a 12% note in that amount, guaranteed by Universal's principal officers, plus 17,500 shares of its common stock. IEG's request for rescission followed Universal's default on the promissory note. Plaintiff amended its complaint to include a demand for rescission of the Chronodynamics stock sale from defendants to plaintiff, who was not an inexperienced Michigan investor.[2] A belated confidential report of offering on Universal reflected that RLRI was a broker dealer and registered in Michigan, that it was not affiliated with the seller, and that RLRI received a $25,000 commission on the securities sale. Finally, the report reflected that IEG was the only Michigan buyer of the securities in question.

The district court first considered the defense of *in pari delicto*, finding that defendants' failure to file the report was an "un-

---

**2.** The district court described Thornburg as unsophisticated but also not "naive" and "generally aware of the filing requirements associated with this type of transaction." 822 F.Supp. at 433.

witting" violation of the Act and an inadvertent oversight. *Id.* at 433. On the other hand, the district court found that defendants had not established plaintiff's "culpable involvement" in the transactions, and that there was no unconscionable delay on plaintiff's part. *Id.* at 434. The district court held, therefore, that "defendants are unable to defeat the plaintiff's claim based upon the *in pari delicto* defense." *Id.*

Next, the district court considered whether the defendants' violations of the Act were *de minimis* and whether the Act provided a defense for such violations. Finding that the purpose of the Act was " 'to protect the public from fraud and deception in the issuance, sale, exchange or disposition of securities,' " the district court held that plaintiff was not entitled to rescission based upon the defendants' failure to timely file the reports. *Id.* (quoting *People v. Mitchell,* 175 Mich. App. 83, 437 N.W.2d 304, 306 (1989)). This oversight, the court concluded, did not constitute a fraud or deception upon the plaintiff. Indeed, the court found that "all of the information contained in the Report had been provided to the plaintiff before it made its investment." *Id.* The district court concluded that the violation was of little practical significance, observing that "it would be an absurd result to rescind the entire transaction because of the tardy filing of an administrative document." *Id.* at 435–36. At the same time, the district court acknowledged that the "parties have been unable to locate any Michigan case which addresses this [*de minimis* violation] issue." *Id.* at 435 (footnote omitted).

The earlier district court decision denying plaintiff's motion for summary judgment, analogized this situation to that in *William's Delight Corp. v. Harris,* 87 Mich.App. 202, 273 N.W.2d 911, 916 (1978), in which the Michigan Court of Appeals recognized that a plaintiff might be barred from claiming rescission due to an alleged violation of the Act if he knew about the violation and/or participated in it. *See Walton v. Semmler,* 6 Mich. App. 596, 149 N.W.2d 885, 887 (1967) (denying purchaser recovery even though seller admittedly failed to comply with the Act because purchaser did not attempt to rescind the transaction until sued); *see also Schrier v. B & B Oil Co.,* 311 Mich. 118, 18 N.W.2d 392, 394–95 (1945) (denying recovery because buyer, who was also a director, sought rescission of securities purchase only after participating in management decisions and becoming aware of potential downturn in stock price). The equitable defense recognized in those cases, however, was *in pari delicto,* and is of little help on the *de minimis* question.

The district court also cited as instructive an unpublished opinion by the United States District Court for the Eastern District of Michigan, *Kelly v. Oklahoma Land & Exploration 1980 Drilling Program Ltd.,* No. 83–CV–2890–DR (E.D.Mich. July 6, 1984). There, the court refused to grant rescission because of the defendant's violation of an "insignificant requirement" of the Act, *see* Mich.Comp.Laws Ann. § 451.802(b)(9), a violation which resulted in "absolutely no prejudice" to the plaintiff.

Plaintiff maintains, however, that the statutory language—"shall"—must be presumed to mean "mandatory." *See Browder v. International Fidelity Ins. Co.,* 413 Mich. 603, 321 N.W.2d 668, 673 (1982); *see also In re Highway US–24 in Bloomfield Township, Oakland County,* 392 Mich. 159, 220 N.W.2d 416, 425 (1974). In addition, plaintiff argues that Michigan law requires "all conditions of the exemption [section 402(b)(9)(C) to be] met," and that the "failure to satisfy any technicality will destroy the exception ... even an inadvertent failure." Cyril Moscow & Hugh H. Makens, Michigan Securities Regulation 138, 312 (1983).

Rescission is normally an equitable remedy. *See* 2 Gibson's Suits in Chancery §§ 993–994 (1956). If this were an action in equity, we would look to matters such as prejudice, unfair dealing, reliance, concealment, unclean hands, laches, or circumstances related to the equities between the parties. In equity alone, plaintiff might not prevail. We are dealing, however, with a statutory cause of action which has been interpreted by Michigan courts to be subject only to the equitable defense of *in pari delicto.* We can find no Michigan case which recognizes an equitable defense for a *de min-*

*imis* violation of the Act. The statute is clear in its requirements, and we must assume a legislative purpose to penalize the seller, or issuer of securities, who does not fulfill the Act's requirements.

We look to Michigan law for guidance as to the proper construction of exemptions or exceptions to its securities law. In Michigan, "[s]tatutory exceptions are to be given a limited, rather than expansive construction." *Rzepka v. Farm Estates, Inc.,* 83 Mich.App. 702, 269 N.W.2d 270, 272 (1978). In *Rzepka,* the Michigan Court of Appeals added, that "under the statute, ignorance of the law is no excuse." *Id.* 269 N.W.2d at 273. Accordingly, we are of the view that we must give the exemption defendants seek the limited construction plaintiff advocates. Despite plaintiff's failure to show reliance and prejudice by reason of defendants' violations, we are unable to find an exemption to the Act for violations which are only "technical" or, of little practical import. The Act specifies that a person who offers or sells securities "*shall* file ... such forms as the administrator prescribes," or otherwise "*shall* be liable." Mich.Comp.Laws Ann. §§ 451.802(b)(9)(C), 451.810(a) (emphasis added).

We, therefore, **REVERSE** the decision of the district court, and **REMAND** for further proceedings to enforce the applicable Michigan security laws in conformity with this opinion.

DAVID A. NELSON, Circuit Judge, dissenting.

Under Michigan jurisprudence, I believe, we must take it as given that a securities issuer's inadvertent failure to comply with the Michigan Uniform Securities Act does not invariably entitle the purchaser to deny the issuer the benefit of its bargain. As the state's current Chief Justice observed in an opinion written when he served on the Court of Appeals of Michigan, "Michigan ... has developed a jurisprudence in such cases which recognizes that in certain circumstances, the policy embodied in the state securities' laws is better served by a more flexible approach." *William's Delight Corp. v. Harris,* 87 Mich.App. 202, 209, 273 N.W.2d 911, 914 (1978).

In *Walton v. Semmler,* 6 Mich.App. 596, 149 N.W.2d 885 (1967), as the *William's Delight* court pointed out, "a purchaser who did not attempt to repudiate his agreement until sued thereon [by the issuer] ... fell outside the scope of the act." 87 Mich.App. at 210, 273 N.W.2d at 915. "[W]here the seller can establish its own unwitting violation of the act and the purchaser's culpable involvement or acquiescence in it, no public policy is thwarted by allowing [the issuer to recover the agreed purchase price.]" 87 Mich.App. at 212, 273 N.W.2d at 916.

In the case at bar the district court (Quist, J.) found as a fact that the defendants' failure to file the "confidential report of offering" required to confirm an exemption from registration under M.C.L. 451.802(b)(9)(C) was "inadvertent." *Investors Equity Group v. Rosenkrantz Lyon & Ross, Inc.,* 822 F.Supp. 429, 433 (W.D.Mich.1993). The court further found that the president and sole shareholder of plaintiff IEG was "generally aware of the filing requirements associated with this type of transaction;" that this individual learned in March of 1990 of the defendants' failure to satisfy the confidential report requirement; and that IEG "may have been 'hedging its bet' by waiting until April 2, 1990 [when it was certain that its investment 'had soured'] to make its rescission demand." *Id.* Under these circumstances, it seems to me, there may well have been sufficient "acquiescence" by IEG to bar it, under *William's Delight,* from rescinding the agreement.

Be that as it may, the circumstances of this case are such that even if no estoppel defense exists under *William's Delight,* it would take only a modest extension of the principle of that case to hold for the defendants under a *de minimis* concept. Having regard to the policies embodied in Michigan's securities laws, I agree with District Judges Hillman and Quist that the state's jurisprudence is flexible enough to accommodate such an approach.

The Michigan Act "is aimed at protecting the innocent purchaser." *William's Delight,* 87 Mich.App. at 212, 273 N.W.2d at 915–16. Here the purchaser clearly received all the

protection to which it was entitled. On the facts of this case, as Judge Quist pointed out, the confidential report did not have to be filed until *"after* IEG had made its investment." *Investors Equity Group*, 822 F.Supp. at 435.

Judge Quist went on to express himself as follows:

"It is clear that at the time IEG made its investment the Universal offering was entitled to exemption from registration because the Confidential Report of Offering was not yet due. The obvious reason for the Confidential Report of Offering is for the Michigan Securities Bureau's administrative purposes. It seems to me that it would be an absurd result to rescind the entire transaction because of the tardy filing of an administrative document. The Confidential Report of Offering was designed to inform the State of the completion of an exempt offering. The information contained on the Report had been provided to IEG by the defendants prior to the time IEG made its investment. Obviously, IEG could not have relied upon the Report when deciding whether or not to make its investment since the Report was not yet due.

In this case, IEG knew what it was doing when it made its investment. It also knew of the speculative nature of its investment. This Court finds that the defendants' failure to file the Confidential Report of Offering within the 30 days as required by statute was a *de minimis* violation. Therefore, the plaintiff is not entitled to rescind the transaction." *Id.* at 435–36 (footnote omitted).

I agree with this analysis, and I would affirm the judgment of the district court. My colleagues on the panel having concluded that the judgment should be reversed, I respectfully dissent.