FASS v. CITY OF HIGHLAND PARK.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONSTITUTIONAL LAW.

Where zoning ordinance was held constitutional but plaintiffs, seeking to enjoin its enforcement as to them, did not take a cross appeal from decree permitting them to kill and defeather poultry at place located in so-called business district, the constitutionality of the zoning ordinance is not an issue.

2. MUNICIPAL CORPORATIONS—ZONING ORDINANCE—CONSTRUCTION.

A zoning ordinance must be construed reasonably with regard both to the objects sought to be attained and to the general structure of the ordinance as a whole.

3. SAME—ZONING ORDINANCE—INTENT—KILLING OF POULTRY.

Where the killing and defeathering of live poultry was specifically authorized by city zoning ordinance only in so-called manufacturing district, intent of ordinance was that such activities be confined to such district and not be permitted in

business districts wherein buildings could be used for generally recognized retail stores and shops for making merchandise to be sold on the premises.

4. SAME—ZONING ORDINANCE—CONDUCT OF POULTRY BUSINESS.

Where it appears that 104 places in city were licensed to sell meat and poultry which was killed elsewhere and only three had a license to kill and defeather poultry, finding of court that use of premises for killing poultry was incidental and an integral part of operation of plaintiffs' retail poultry store *held*, not sustained by evidence in suit to restrain city from enforcing zoning ordinance restricting the killing of poultry to so-called manufacturing district and prohibiting it in business district in which plaintiff's premises were located.

Appeal from Wayne; Callender (Sherman D.), J. Submitted January 14, 1948. (Docket No. 9, Calendar No. 43,852.) Decided February 16, 1948. Rehearing opinion appears at 321 Mich. 156.

Bill by Max Fass and wife against City of Highland Park and another to restrain enforcement of zoning ordinance of defendant city. Mike Petrovich and wife intervenors. Cross bill by intervenors against plaintiffs to enjoin conduct of plaintiffs' business in that locality. Decree for plaintiffs. Defendants appeal. Reversed and decree for defendants entered.

*Fred F. Wynn* (*Irving H. Small,* of counsel), for plaintiffs.

*Earl B. Young* (*Crawford S. Reilley,* of counsel), for defendants.

SHARPE, J. Plaintiffs filed a bill of complaint for the purpose of having the officers and officials of the city of Highland Park enjoined and restrained from enforcing a certain zoning ordinance of the city of Highland Park.

The agreed facts are as follows: On October 1, 1942, plaintiffs, Max Fass and Mina Fass, his wife, were engaged in the business of operating a retail poultry market at 14454 Oakland avenue in the city of Highland Park. In the operation of this market plaintiffs killed, defeathered and dressed the poultry on the premises and completed the sale to the customer within a short period of time. Effective October 1, 1942, the city of Highland Park adopted a zoning ordinance, the purpose of which, among other things, was to establish districts wherein certain businesses would be permitted. For the purpose of this opinion we shall refer to manufacturing districts where the killing of poultry on the premises is permitted and business districts where the sale of poultry is permitted, but not including the killing of the same on the property. It appears that on or about July 19, 1943, plaintiffs became the owners of three lots located at the southeast corner of Oakland avenue and Six Mile road, a distance of approximately 2,000 feet north of plaintiffs' place of business known as 14454 Oakland avenue; that the purchase price of these lots was $9,000; that on April 23, 1945, plaintiffs caused a letter to be addressed to L. C. Whitsit, city engineer of the city of Highland Park, requesting a permit to construct a building to be used for the sale at retail of dressed and live poultry only; that the board of zoning appeals gave an opinion that the proposed use of the building for the sale of dressed and live poultry only, but not including the killing of the same on the property, was a use permitted in a business district; that a building permit was issued to plaintiff Max Fass on July 23, 1945, which permit expressly provided that the killing of chickens on the property was not permitted; that plaintiff Mina Fass, under the name of McNichols Poultry Market, applied for and re-

ceived a license from the city clerk of Highland Park to sell dressed and/or live poultry, fresh meats and sandwich meats at retail; that this license was issued September 14, 1945, and a similar license was issued for the license year commencing May 1, 1946; that on November 19, 1945, plaintiff Mina Fass petitioned the city council of Highland Park to extend the license issued on September 14, 1945, to include the storage and killing of poultry on the premises, which was denied by the city council; that after plaintiffs received their license in September, 1945, for the sale of dressed and live poultry at the new location, Max Fass killed and dressed poultry on the premises of the McNichols Poultry Market; that on April 10, 1946, plaintiffs filed their bill of complaint for the purposes hereinbefore mentioned; and that after said date plaintiff Max Fass took the live chickens, sold at the new location, down to the old location for killing and defeathering and brought them back to the new location for delivery to the customer.

The cause came on for trial and the court found that the zoning ordinance was constitutional, valid and reasonable; that plaintiffs were conducting a generally recognized retail store in a business district not different from three other poultry markets in the business district of Highland Park; and that the killing, defeathering and dressing of poultry is instrumental and an integral part of the operation of a retail poultry market.

A decree was entered restraining the defendants from interfering with the operation and conduct of the retail poultry business of plaintiffs as to the killing, defeathering and dressing of poultry on the premises of plaintiffs; decreeing that the proper officers of Highland Park shall not refuse to issue or renew licenses to plaintiffs for the year beginning May, 1947, and thereafter for the conduct of their

retail poultry business; limited the number of chickens or other poultry that could be kept or killed upon the premises each day; and decreed that the killing, defeathering and dressing of poultry is incidental to and an integral part of plaintiffs' poultry business.

Defendants appeal and urge that the use of a poultry market where live fowl are kept, killed and scalded, defeathered and sold to retail customers on the premises is prohibited in the B-2 or business district as provided in the zoning ordinance of the city of Highland Park.

In coming to our conclusions in this controversy we have in mind that plaintiffs did not file a cross appeal, hence the constitutionality of the zoning ordinance is not an issue in this cause. Plaintiffs urge that the use made of the building is an incidental and integral part of the operation of a poultry market.

A zoning ordinance must be construed reasonably with regard both to the objects sought to be attained and to the general structure of the ordinance as a whole. Under the zoning ordinance, B-2 or business district buildings may be used for generally recognized retail stores and shops for making merchandise to be sold on the premises. The zoning ordinance also provides under manufacturing districts: "Facilities for the handling and sale of poultry or game, including storage and killing of same, for sale on the premises exclusively at retail, such use to be subject to the approval of the board." From the above it was clearly the intent of the ordinance that the killing and defeathering of live poultry was to be confined to manufacturing districts and was not to be carried on in business districts.

The record shows that plaintiffs are selling poultry at the rate of 2,000 per month; that there are only

three poultry markets in the city of Highland Park similar to plaintiffs' establishment where chickens are kept and killed and sold to retail customers; that at the time of the enactment of the zoning ordinance these three poultry markets had a license to kill and defeather poultry; and that between May 1, 1946, and May 1, 1947, there were 104 places in the city of Highland Park licensed to sell meat and poultry which was killed and dressed in another place. The above facts do not sustain plaintiffs' claim that the killing and dressing of poultry is an incidental and integral part of the operation of a poultry market. We are constrained to hold that the trial court was in error in holding that the use made of the premises was incidental and an integral part of plaintiffs' retail poultry store.

The decree of the trial court is reversed. Plaintiffs' bill of complaint is dismissed and the license granted plaintiff by the city of Highland Park cancelled. A decree will be entered in the Supreme Court in harmony with the above. Defendants may recover costs of both courts.

BUSHNELL, C. J., and BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.