TOWNSHIP OF FARMINGTON *v.* PLYLER

1. ZONING — MUNICIPAL CORPORATIONS — ZONING ORDINANCE — CONSTRUCTION.

Township zoning ordinance which did not specifically prohibit the storage of sand, gravel and construction equipment as a B–3 use *held,* to forbid operation of a sand and gravel sales distribution business in a B–3 area when another article of the ordinance provides for the storage of sand and gravel in areas zoned LI–1 (Farmington Township Zoning Ordinance, arts 9, 11).

2. ZONING—ORDINANCE—CONSTRUCTION.

The general principles relating to construction of ordinances apply to the construction of zoning ordinances and the basic requirement is that intent be discovered and given effect.

3. ZONING—ORDINANCE—CONSTRUCTION.

Absence of a specifically stated use from zoning classification must be regarded as excluding that use from that classification, where an ordinance specifically sets forth permissible uses under each zoning classification and the use is expressly permitted under a different classification.

4. ZONING—MUNICIPAL CORPORATIONS—ZONING ORDINANCE—ENFORCEMENT—INJUNCTION.

An injunction should be granted to prevent the operation of a sand and gravel sale and distribution business which is in violation of a township zoning ordinance (Farmington Township Zoning Ordinance, arts 9, 11).

Appeal from Oakland, William John Beer, J. Submitted Division 2 June 3, 1969, at Lansing. (Docket No. 5,585.)   Decided June 26, 1969.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Zoning § 96.
[2, 3] 58 Am Jur, Zoning §§ 11, 12.
[4] 58 Am Jur, Zoning § 188.

Complaint by the Township of Farmington against Howard W. Plyler, Paul A. Davidson, and Juanita Plyler to enjoin the operation of a business. H. Plyler Sand & Gravel, Inc., a Michigan corporation, Orchard Lake Sand & Gravel, Inc., a Michigan corporation, and Kathleen Davidson were added as parties defendant. Judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Joseph T. Brennan,* for plaintiff.

Before: LESINSKI, C. J., and QUINN and DANHOF, JJ.

DANHOF, J. Plaintiff township sought to enjoin the operation of a sand and gravel sales and distribution business owned by defendants, alleging that it violated the township zoning ordinance. The business, which included the storage of sand, gravel, and construction equipment, was located in an area zoned B–3 (General Business District). Although not specifically prohibited as a B–3 use, the storage of sand and gravel was expressly a use permissible on special approval in areas zoned LI–1 (Light Industrial Districts).

The case was submitted to the circuit judge on stipulated facts and he denied the injunction for the reason that the zoning ordinance did not specifically prohibit the business being carried on by defendant.

Plaintiff appealed, contending that the sand and gravel operation was not a retail business permitted in the B–3 General Business Districts, since such an operation was specifically provided for in the LI–1 Light Industrial Districts, citing *Township of Pittsfield* v. *Malcolm* (1965), 375 Mich 135; *Fass* v. *City of Highland Park* (1948), 320 Mich 182, *modified*

*on rehearing* (1948), 321 Mich 156; *Prevost* v. *Township of Macomb* (1967), 6 Mich App 462, *leave to appeal denied* (1967), 379 Mich 768.

This Court quotes with approval from the *Prevost Case, supra:*

"The general principles relating to construction of ordinances apply to the construction of zoning ordinances. The basic requirement is that intent be discovered and given effect."

The Supreme Court said in the *Pittsfield Case, supra:*

"Under the ordinance which specifically sets forth permissible uses under each zoning classification, therefore, absence of the specifically stated use must be regarded as excluding that use. This is especially true where the use is expressly permitted under the other classifications:"

This Court holds that the defendants' business is not permitted within the area zoned by plaintiff as B-3 (General Business Districts), and that plaintiff's prayer for relief should be granted.

Reversed and remanded for entry of judgment consistent with this opinion. Costs to plaintiff.

All concurred.