FINK v CITY OF ROSEVILLE

1. APPEAL AND ERROR—ZONING—INJUNCTIVE RELIEF—DE NOVO RE-
   VIEW.

   Review by the Court of Appeals of a judgment in an action for
   injunctive relief to prevent application of a zoning ordinance to
   a plaintiff's land is *de novo*, but the Court of Appeals accords
   great weight to the findings of the trial court because of the
   trial court's opportunity to see and hear the witnesses.

2. APPEAL AND ERROR—ZONING—INJUNCTIVE RELIEF—DE NOVO RE-
   VIEW—STANDARDS.

   The standard to be applied by the Court of Appeals for the
   granting of appellate relief from a judgment granting injunc-
   tive relief to prevent application of a zoning ordinance to a
   plaintiff's land is: "does our review of the record convince us
   that we would have reached a different result had we sat as the
   trial court?"; appellate relief is not granted where the record
   leads the Court of Appeals to the conclusion that it would have
   reached the same result as the trial judge did had it occupied
   the trial judge's position.

Appeal from Macomb, Edward J. Gallagher, J.
Submitted Division 2 November 14, 1973, at Lans-
ing. (Docket No. 16380.) Decided November 29,
1973.

Complaint by Harvey S. Fink against the City of
Roseville to enjoin the city from interfering with
the use of his lot for multiple family purposes.
Judgment for plaintiff. Defendant appeals. Af-
firmed.

*Ward & Campbell,* for plaintiff.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 4 Am Jur 2d, Appeal and Error §§ 358, 772, 882.

*Ross, Bruff & Henriksen* (by *John B. Bruff*), for defendant.

Before: QUINN, P. J., and HOLBROOK and PETERSON,* JJ.

QUINN, P. J. The only appropriate beginning for this opinion is a confession of error by the writer. The standard of review set forth in my prior opinion in this case was clearly erroneous. That opinion appears in the official advance sheets of this Court at 41 Mich App 284 (1972). It does not appear in the bound volume of that report nor in 199 or 200 NW2d, where it normally would appear, because it was directed not to be printed pursuant to GCR 1963, 821.1, after it appeared in the advance sheets. With apologies to all concerned and the bar and trial bench, I shall try and write what should have been written in the first instance.

The appeal is from a judgment which enjoined defendant from enforcing its zoning ordinance as to plaintiff's property. The judgment was based on the finding of the trial court that as applied to plaintiff's property, the ordinance was arbitrary, capricious, confiscatory and unreasonable.

Plaintiff purchased the property involved for $35,000 in 1966 and he knew that it was zoned for single family residence at the time of the purchase. Plaintiff petitioned defendant's planning commission to rezone the property to RM-1 (multiple dwelling). July 18, 1966, the commission tabled this petition pending the outcome of a circuit court action which involved the zoning of the property adjoining plaintiff's property on the north. On December 8, 1968, judgment entered in the latter

---

* Circuit judge, sitting on the Court of Appeals by assignment.

action and defendant was enjoined from interfering with the proposed multiple family use of the property immediately north of plaintiff's land. (We note that during the pendency of the present litigation, the land adjoining on the north has been developed as multiple housing.)

At a meeting held January 13, 1969, the planning commission placed plaintiff's request for rezoning on the agenda for its February meeting. The February meeting was held on the 18th. Thirty-three members of the public appeared and objected to the rezoning, and a petition against rezoning which contained forty-five signatures was presented. After a hearing, the commission denied the request for rezoning.

Plaintiff petitioned the city council for review of the action of the planning commission. At a council meeting held February 25, 1969, the request for rezoning was heard and denied by the council.

August 4, 1969, plaintiff filed his complaint in circuit court seeking the relief he ultimately obtained.

Our review is *de novo* but we accord great weight to the findings of the trial court due to its opportunity to see and hear the witnesses. The standard for granting appellate relief is, does our review of the record convince us that we would have reached a different result had we sat as the trial court?

We note several items in the record which lead us to the conclusion that we are not convinced that we would have reached a result different than did the trial judge had we occupied that position.

1. The firm of planning consultants employed by defendant advised the planning commission by letter dated February 18, 1969 in relation to plaintiff's petition to rezone:

"However, based on the present zoning pattern it is the opinion of this office that the development of the subject parcel (lot 2) for single family use as presently zoned, would not result in a sound and consistent land use pattern. Based on present zoning conditions it is our opinion that subject parcel could be logically developed for low rise multiple dwelling use, with access to the site limited to Utica Road."

(Lot 2 is plaintiff's property. Present zoning conditions refers to the court-ordered multiple family use of the property immediately north of plaintiff.)

2. The employee of the planning consultant firm assigned to and working with the planning commission testified at trial to the effect that since the property immediately north of plaintiff's property was to be developed for multiple housing and there was little difference between that property and plaintiff's, the latter could be developed for multiple family use also.

3. Minimal construction of single family residences in the immediate area over the past several years.

4. The general characteristic of the neighborhood was not single family residential nor was such a development likely.

Affirmed, but without costs, a public question being involved.

All concurred.