ORTIZ v TEXTRON, INC

Docket No. 76588. Submitted November 6, 1984, at Grand Rapids.—
Decided January 14, 1985.

Ismael Ortiz brought an action against his employer, Textron,
Inc., alleging that he ·was injured while operating a machine
which he believed to have been negligently manufactured. He
alleged that Textron refused his representatives access to the
machine or its maintenance records, and sought an order
requiring the defendant to allow such access to the machine
and the records. The Muskegon Circuit Court, R. Max Daniels,
J., granted summary judgment for defendant for failure to
state a claim upon which relief can be granted. Plaintiff ap-
pealed. *Held:*

1. Plaintiff's appeal to equity is not, by itself, sufficient to
invoke the equity jurisdiction of the court.

2. Plaintiff may not obtain discovery prior to the filing of a
complaint in the contemplated third-party products liability
action. His remedy is to file such a complaint, immediately
serve notice of discovery, and thereafter, when the necessary
information is obtained, incorporate the new information into a
timely amended complaint.

Affirmed.

1. Equity — Jurisdiction — Pleading.

An appeal to equity is not alone and by itself sufficient to invoke
equity jurisdiction.

2. Pleading — Discovery — Court Rules.

There are no provisions for discovery prior to the filing of a
complaint; where discovery is deemed necessary before an
adequate pleading is possible, a complaint meeting minimum
standards should be filed, notice of depositions served immedi-
ately, and the information thus acquired by discovery then
incorporated into a timely amended complaint (GCR 1963,
302.1).

References for Points in Headnotes
[1] 27 Am Jur 2d, Equity § 5.
[2] 23 Am Jur 2d, Depositions and Discovery §§ 4, 5, 23, 33.

*Norman C. Halbower,* for plaintiff.

*Frank M. Carrozza,* for defendant.

Before: R. B. BURNS, P.J., and ALLEN and T. L. BROWN,* JJ.

PER CURIAM. Plaintiff appeals from the grant of summary judgment in favor of defendant pursuant to GCR 1963, 117.2(1), failure to state a claim upon which relief can be granted. We affirm.

Plaintiff's complaint against defendant alleged that plaintiff was injured on April 19, 1983, as he operated a core-making machine while employed with defendant. The complaint stated plaintiff's belief that the machine was negligently manufactured, that he had a product liability cause of action against the manufacturer of the machine, that it was necessary for plaintiff's representatives to enter the premises to examine and photograph the machine, as well as to inspect the maintenance record of the machine, and that defendant had denied plaintiff's representatives permission to enter. The complaint further alleged that plaintiff had no remedy against defendant in an action seeking relief, and prayed that the court order defendant to allow plaintiff's representatives to enter and inspect the core-making machine and its inspection and maintenance records.

The issue is whether an action in equity properly lies against an employer to compel discovery of things on the premises which caused injury to an employee, and are thought to be the proper subject of a products liability action, before that products liability action is commenced.

This Court's review of the grant or denial of a motion for summary judgment based on GCR 1963,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

117.2(1) is well settled. The motion is to be tested by the pleadings alone. The motion tests the legal basis of the complaint, not whether it can be factually supported. The factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged. Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion under this subrule should be denied. *Crowther v Ross Chemical & Mfg Co,* 42 Mich App 426; 202 NW2d 577 (1972).

Plaintiff's exclusive remedy for damages against defendant lies with the Bureau of Workers' Disability Compensation pursuant to the exclusive remedy provision of the Worker's Disability Compensation Act, MCL 418.131, 418.841; MSA 17.237(131), 17.237(841). *Johnson v Arby's, Inc,* 116 Mich App 425; 323 NW2d 427 (1982).

Notwithstanding the unavailability of an action at law against defendant, plaintiff filed a complaint in the court below seeking equitable relief which would require defendant to permit plaintiff to inspect defendant's business premises for the purpose of gathering information regarding a possible, though yet unfiled, third-party products liability action against the manufacturer of a machine alleged to be the cause of plaintiff's workplace injuries. An appeal to equity is not alone and by itself a sufficient invocation of equity jurisdiction. *Love v Wilson,* 346 Mich 327; 78 NW2d 245 (1956).

Plaintiff has not cited to us any authority indicating that discovery under the present circumstances is proper. *Folsom v Western Electric Co,* 85 FRD 651 (WD Okla, 1980).

In 2 Honigman & Hawkins, Michigan Court

Rules Annotated, Rule 302, 1984 Cum Supp 16, the authors set forth the following solution:

"While Rule 303 provides for taking depositions before an action has been commenced in order to perpetuate testimony, no provision has been made in the new rules for taking depositions for discovery prior to the filing of a complaint, which commences the action. See Rule 101. Yet there may be occasions when an attorney feels the need for discovery before filing his complaint, in order to obtain the facts necessary for an adequate pleading.

"In such circumstances a skeleton complaint satisfying the requirements of Rule 111 as far as possible, should be filed and served. With the action thus commenced, notice of depositions may be served immediately. Sub-rule 302.1. The added information thus acquired by discovery may then be incorporated into an amended complaint, which may be filed as a matter of course at any time up to fifteen days after the answer has been served. Sub-rule 118.1.

"If, before the deposition can be taken, the skeleton complaint is attacked by a motion for a more definite statement under sub-rule 115.1, the filing of the more definite statement should not be required until there has been an adequate opportunity for discovery needed to prepare the more definite statement or amended complaint. Sub-rule 115.1 expressly gives the court broad discretion in fixing the time within which a more definite statement will be required, if the motion is granted."

The trial court is affirmed.