BANGOR TOWNSHIP v SPRESNY

Docket No. 76523. Submitted August 16, 1984, at Lansing.—Decided May 21, 1985.

Defendant, Richard Spresny, doing business as Don's Complete Wrecker Service, began operation of a business involving towing, repair service, and storage of abandoned and junk vehicles. The Charter Township of Bangor brought an action in the Bay Circuit Court seeking an injunction against the operation of a junkyard. A temporary injunction was issued which enjoined defendant from towing and storing vehicles not currently being serviced. After further proceedings the court, William J. Caprathe, J., issued an order which enjoined defendant from carrying on a towing service, including the parking of tow trucks on the premises. Defendant appealed, alleging that the trial court erred in holding that the towing service was not allowed under the township zoning ordinance. *Held:*

The zoning ordinance does not specifically allow towing operations. However, the ordinance does permit compatible or accessory uses in the district within which defendant's business is located. A towing service, incidental to the repair and servicing of vehicles, is a compatible use which is permissible within the intent of the ordinance. Enjoining the towing service is unnecessary to enforce the prohibition against operation of a junkyard. The trial court erred in enjoining the towing service operated in conjunction with the repair service.

Reversed.

APPEAL — ZONING — INTENT — ORDINANCES.

The Court of Appeals, in reviewing a trial court's finding that a certain use was not permitted under a township zoning ordinance, seeks to discover and give effect to the intent of the legislative body which adopted the ordinance.

*Higgs, Higgs, Darbee & Bosco, P.C.* (by *James A. Brunson),* for plaintiff.

REFERENCE FOR POINTS IN HEADNOTE
82 Am Jur 2d, Zoning and Planning §§ 337, 338.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C. (by Dennis J. Bergevin),* for defendant.

Before: CYNAR, P.J., and WAHLS and S. T. FINCH,* JJ.

PER CURIAM. In mid-September, 1982, defendant commenced operation of his business, Don's Complete Wrecker Service. The business involved towing, repair service and storage of abandoned and junk vehicles. Plaintiff commenced an action for injunctive relief on November 10, 1982, seeking to enjoin defendant from operating a junkyard in violation of Bangor Township Ordinances No. 2 and No. 47. The parties sought to work out their differences and, on January 20, 1983, a consent order was signed which set forth certain requirements for defendant to qualify his junkyard business. Defendant failed to comply and further proceedings resulted in a temporary injunction being entered on May 13, 1983, enjoining defendant from towing and storing vehicles not currently being serviced. Defendant's further noncompliance led to additional proceedings in which the court considered the applicability of Ordinance No. 131, adopted December 21, 1982. Pursuant to its written opinion of January 5, 1984, the court on February 1, 1984, enjoined defendant from, *inter alia,* carrying on a towing business, including the parking of tow trucks on the premises. Defendant appeals as of right.

Defendant does not contest the injunction against carrying on the junkyard operation. Defendant was unable to meet the size requirement of Ordinance No. 2 or the setback and fencing requirements of No. 47. Junkyards are not a permitted use under No. 131, which reclassified defen-

* Circuit judge, sitting on the Court of Appeals by assignment.

dant's premises from Industrial A District to Commercial 3 District. Nor is operation of a repair service at issue. In its final order of February 1, 1984, the court found "that the defendant's operation of a vehicle repair garage is lawful under provision of Ordinance 131".

Defendant contends that the court erred in determining that the towing service was not allowed under Ordinance No. 131. In reviewing this matter, we seek to discover and give effect to the intent of the lawmaker. *Farmington Twp v Plyler,* 18 Mich App 225, 227; 171 NW2d 40 (1969). Section 14.01 of Ordinance No. 131 is a "Statement of Intent":

"The intent of the C-3, General Commercial District is to provide areas wherein those commercial, business, and service uses which primarily cater to the motoring public, plus compatible and/or accessory uses, may be located without encroaching into other districts where their unique needs or circumstances would render them undesirable."

Section 14.02 provides that buildings and premises may be used only as permitted by the ordinance, with permissible uses including:

"b. Vehicle dealerships.
"c. Open air businesses, including used vehicle sales, nursery stock sales, mobile home, trailer, or boat sales, display and sales of garages, and swimming pools, and similar open air types of businesses.

*     *     *

"p. Vehicle repair garages and service stations."

The ordinance nowhere specifically refers to towing operations, which therefore appear to be prima facie prohibited. Ordinance No. 131, § 4.04.

We find it helpful to consider defendant's towing

operation both as an independent operation and as incidental to defendant's vehicle repair service. Plaintiff seems to acknowledge in its brief on appeal that towing incidental to repair and service is permissible. We would certainly agree. However, we cannot agree with plaintiff that the injunctive order contemplates such activity. The order flatly enjoins even the parking of tow trucks on the premises and thus prohibits permissible activity which is incidental to the operation of a vehicle repair garage.

Our conclusion that towing incidental to repair and service is permissible under the ordinance is the same as saying that such towing is an "accessory use". Section 3.01 of Ordinance No. 131 defines accessory use:

"A use, building or structure which is clearly incidental to, customarily found in connection with, or subordinate to, and located on the same zoning lot as the principal use to which it is related, and devoted exclusively to the main use of the premises."

The ordinance generally includes accessory uses in its lists of permissible uses for the various districts. See §§ 6.02(j), 7.02(i), 8.02(i), 9.02(d), 11.02(h), 15.02(b)(2), 16.02(b)(13). However, the statement of intent for the convenience/local service commercial district (C-1) states, "The C-1 District may also contain other compatible and/or accessory uses." Section 12.01. We are convinced that the reference to compatible and/or accessory uses in § 14.01, the statement of intent for the C-3 District, means that such uses are allowed in addition to the list of uses in § 14.02. To read the ordinance otherwise would mean that accessory uses are not allowed in the general commercial district although permitted in districts with more restrictive uses. Such a result is untenable.

The C-1 and C-3 Districts are different from the

other districts in that the ordinance permits *compatible and/or* accessory uses. The ordinance does not define "compatible" and the court below refused to consider the concept as applicable. We disagree with the circuit court and accept defendant's argument that uses compatible with those listed in § 14.02 are permitted.

"Compatible" has a broader meaning than "accessory". Webster's New World Dictionary defines "compatible" as "capable of living together harmoniously or getting along well together; in agreement; congruous". This definition gives effect to the intent stated in the ordinance that undefined terms "shall have the meaning customarily assigned to them". Section 2.01(h). The C-3 District may be used for vehicle dealerships, used car sales, vehicle repair garages and service stations. Without question, each of these uses can benefit from towing services as each of them deal, in varying degree, with vehicles that will not start or run and require either on-the-spot service or a tow to a place of repair. Certainly, a towing service is one which primarily caters to the motoring public. We conclude that a towing service, even though used more than merely incidental to a repair service, may still be a compatible use in a C-3 District.

We reverse the numbered paragraphs one and two of the February 1, 1984, injunctive order, because the record does not support a conclusion that defendant's towing service is neither an accessory nor a compatible use. Defendant has been enjoined from storing parts in his lot and effectively had his junkyard operation halted. Enjoining the towing operation is unnecessary to enforce the junkyard prohibition and runs counter to the intent of the ordinance. With this disposition, we need not address defendant's remaining questions, which present alternative arguments for relief.

Reversed.