TALCOTT v CITY OF MIDLAND

REER v CITY OF MIDLAND

Docket Nos. 78708, 80133. Submitted August 12, 1985, at Lansing.—
Decided December 18, 1985. Leave to appeal denied, 425 Mich
876.

The City of Midland denied Thomas Reer a building permit,
which he sought for the opening of a pizzeria, on the basis that,
under the city's zoning ordinance, a carry-out restaurant was
not a permissible use in the zoning district where Reer pro-
posed to build. Upon Reer's request, the Midland Zoning Board
of Appeals determined that it was a permissible use. Reer
obtained a building permit, secured a long-term lease of the
premises, and began renovating the premises to convert it into
his pizzeria. Thayre Talcott and others filed suit in Midland
Circuit Court against the city and asked for a review of the
zoning board's determination. Thereafter, the zoning board,
after reconsideration, reversed its initial determination and
ruled that Reer's pizzeria was not a permissible use. Reer
petitioned the Midland Circuit Court for a review of the zoning
board's revised determination. The circuit court, David S. De-
Witt, J., affirmed the zoning board's determination, on grounds
of estoppel enjoined the city from enforcing the ordinance, and
granted Talcott and others an injunction enjoining Reer from
operating his pizzeria. Reer appealed from the circuit court's
order affirming the zoning board's determination and enjoining
him from operating his pizzeria. The city appealed by leave
granted from the circuit court's order enjoining the city from
enforcing its zoning ordinance. The appeals were consolidated.
*Held:*

The Court of Appeals, when construing provisions of a zoning
ordinance, seeks to discover and give effect to the legislative
intent. In determining the extent to which an ordinance re-
stricts the use of property, where doubts exist regarding legisla-
tive intent, they are to be resolved in favor to the property

REFERENCES

Am Jur 2d, Statutes §§ 142 *et seq.*

Am Jur 2d, Zoning and Planning §§ 322 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Appeal
and Error; Zoning.

owner. Applying these principles, the Court held that, under the City of Midland's zoning ordinance, a carry-out pizzeria is a permissible use in the district in question.

Reversed. The injunctive orders were vacated.

1. ZONING — APPEAL — *De Novo* REVIEW.

Review by the Court of Appeals of findings made by a trial court and a zoning appeals board regarding zoning ordinances is *de novo,* but the Court of Appeals accords great weight to those findings because of the trial court's and the appeal board's opportunity to see and hear the witnesses.

2. ZONING — APPEAL — *De Novo* REVIEW.

The standard to be applied by the Court of Appeals when reviewing findings made by a trial court and a zoning appeals board regarding zoning ordinances is whether our review of the record convinces us that we would have reached a different result had we sat as the trial court or zoning appeals board; appellate relief is not granted where the record leads the Court of Appeals to the conclusion that it would have reached the same result.

3. ZONING — APPEAL — JUDICIAL CONSTRUCTION.

The Court of Appeals, in construing provisions of a zoning ordinance, seeks to discover and give effect to the lawmaker's intent.

4. ZONING — JUDICIAL CONSTRUCTION.

The language of a zoning ordinance must be interpreted, for purposes of determining the extent of a restriction upon the use of property, in favor of the property owner where doubt exists as to the intention of the legislative body.

5. STATUTES — DEFINITIONS.

A statutory definition supersedes a commonly accepted definition where the statute expressly defines a term utilized throughout the statute.

*Shelton Haskell,* for Thayre Talcott and others.

*Daniel C. Himmelspach,* for Thomas H. Reer.

*John J. Rae,* for the City of Midland.

Before: DANHOF, C.J., and V. J. BRENNAN and J. H. GILLIS, JR.,* JJ.

PER CURIAM. In these consolidated cases, Thomas Reer appeals as of right from the August 13, 1984, judgment of the trial court affirming the finding of the Midland Zoning Board of Appeals which held that the city's Business A zoning classification did not permit a carry-out restaurant as proposed by Reer. Reer also appeals as of right from the trial judge's issuance of an injunction against him in favor of plaintiffs Talcott, Burks, and Boots. Defendant City of Midland appeals by leave granted from the May 17, 1984, judgment and order of injunction issued by the trial judge which resulted in estopping defendant City of Midland from enforcing its zoning ordinance.

The trial court's judgment and order as to Reer are reversed. The trial court's injunction against the City of Midland is vacated.

Reer requested a building permit to establish a "Good Times Pizza" parlor in the City of Midland. After the city's building inspector told Reer that a carry-out restaurant was not a permissible use in the Business A zoning district where Reer proposed to build, Reer's request for an interpretation of the zoning ordinance was heard by the zoning board of appeals on March 29, 1983. By a three-to-one vote, the board determined that a carry-out pizzeria was a permissible use. On April 19, 1983, the city attorney requested the board to reconsider. The board took no action. On April 28, 1983, Reer obtained a building permit and began extensive renovation of the building he proposed to convert into a pizzeria. He also entered into a ten-year lease of the building.

On May 17, 1983, the zoning board of appeals

* Circuit judge, sitting on the Court of Appeals by assignment.

again took no action to reconsider. On June 6, 1983, a group of citizens filed suit against the city asking for a review of the zoning board's interpretation, contending that the notice requirement of the zoning ordinance had not been followed before the board's prior determination. After a stipulation for another hearing following proper notice was entered into by the parties, the zoning board reconsidered its prior interpretation on June 28, 1983. By a four-to-zero vote, the board found a carry-out pizzeria was not a permissible use.

Subsequently, the trial court affirmed the zoning board's interpretation. On grounds of estoppel, the trial judge enjoined the city from enforcing the ordinance. However, the trial court granted a group of private citizens, plaintiffs Talcott, Burks, and Boots, an injunction enjoining Reer from operating the pizzeria.

Our review in these cases in *de novo* but we accord great weight to the findings of the trial court and zoning board of appeals, due to their opportunity to see and hear the witnesses. The standard for granting appellate relief is whether our review of the record convinces us that we would have reached a different result had we sat as the trial court or zoning board of appeals. *Fink v Roseville,* 50 Mich App 665; 213 NW2d 864 (1973). See also *Schwartz v Flint (After Rem),* 120 Mich App 449, 457; 329 NW2d 26 (1982), *lv gtd* 419 Mich 869 (1984).

When we apply this standard to the record before us, we agree with appellant Reer that the trial court erred in affirming the zoning board of appeals' interpretation of the zoning ordinance.

When construing provisions of a zoning ordinance, this Court seeks to discover and give effect to the lawmaker's intent. *Bangor Twp v Spresny,* 143 Mich App 177; 371 NW2d 517 (1985). *Farming-*

*ton Twp v Plyler,* 18 Mich App 225, 227; 171 NW2d 40 (1969). The interpretation problem at issue arises when one attempts to reconcile the definitions in Article II of the ordinance with Article XIV, which regulates land uses within business districts. Section 14.1(a)(12) of Article XIV of the city zoning ordinance provides that "restaurants, excluding drive-ins" are permitted uses in Business A district. Section 2.0 of Article II defines in subsections (50), (51), and (52), respectively, "restaurant", "restaurant, carry-out", and "restaurant, drive-in".

The city and plaintiffs-appellees contend, and the zoning board of appeals and circuit court held, that the word "restaurants" in § 14.1(a)(12) should be limited to the definition of § 2.0(50), "[a]n establishment where food and drink is served to sit-down customers". Reer contends that the language in § 14.1(a)(12), "restaurants, excluding drive-ins" requires an inference that § 2.0(51) carry-out restaurants are a permissible use since carry-out restaurants were not expressly excluded.

When interpreting the language of an ordinance to determine the extent of a restriction upon the use of property, the language must be interpreted, where doubt exists regarding legislative intent, in favor of the property owner. *Peacock Twp v Panetta,* 81 Mich App 733, 736-737; 265 NW2d 810 (1978). Applying this principle of interpretation to Midland's zoning ordinance, we hold that a carry-out pizzeria is a permissible use in a Business A district.

Our holding is buttressed by the following. Fairly read, Article II defines three types of "restaurants", a "restaurant", "restaurant, carry-out", and "restaurant, drive-in". The language of § 14.1(a)(12), "restaurants, excluding drive-ins", which expressly excludes drive-ins, suggests that a

carry-out restaurant is a permissible use in a Business A district. This interpretation is consistent with the rule of statutory construction that a court must give effect to all words in a statute and may not interpret a statute so as to render some of the terms nugatory. *Michigan Hospital Ass'n v Michigan Employment Security Comm,* 123 Mich App 667, 671; 333 NW2d 319 (1983). Here, if the § 2.0(50) definition of "restaurant" is applied to § 14.1(a)(12), the express exclusion of drive-in restaurants is rendered meaningless.

We believe that this construction is not inconsistent with the rule that a statutory definition supersedes a commonly accepted definition where the statute expressly defines a term utilized throughout the statute. See *LeGalley v Bronson Community Schools,* 127 Mich App 482, 485; 339 NW2d 223 (1983). Because the statute defines, by qualification, three types of "restaurant" we do not believe that the word "restaurants", in the plural form in § 14.1(a)(12), must necessarily be limited by the § 2.0(50) definition. Use of both the § 2.0(50) and (51) definitions is reasonable, especially in light of the exclusion of "drive-in" restaurants.[1]

Finally, the interpretation advanced by Reer is consistent with the statement of intent found in § 14.0. The primary intent of the Business A district is to serve the surrounding residential neighborhood with goods and services of day-to-day needs.

---

[1] We acknowledge that there was testimony before the zoning board of appeals that, at least in the minds of some of the individuals who participated in drafting the ordinance, carry-out restaurants were not compatible with the contemplated permissible uses in Business A. Specifically, it was alleged that the drafters sought to exclude businesses which rely on vehicular traffic. Nonetheless, in light of the language used, and the fact that the language must be interpreted, where doubtful, in favor of the property owner, our review of the record convinces us that we would have reached a different result had we sat as the trier of fact.

Because we find that appellant Reer's proposed use is a permissible use, we need not consider the other issues raised by appellants Reer and City of Midland.

Reversed as to appellant Reer. The injunctive order granted to plaintiffs Talcott, et al., and the injunction against appellant City of Midland shall be vacated.