MACENAS v VILLAGE OF MICHIANA

Docket No. 87369. Submitted May 9, 1986, at Grand Rapids. Decided
    May 5, 1987.

   Joseph Macenas applied to the Village of Michiana for a building
   permit to construct a home on property he owned. The permit
   was denied on the ground that his proposed building site would
   not comply with the minimum width requirement at the front
   setback line as provided in the zoning ordinance. The denial of
   the permit was upheld by the zoning board of appeals. Macenas
   then filed suit against the Village of Michiana in Berrien
   Circuit Court alleging inter alia that defendant's action in
   denying plaintiff's appeal was not in compliance with the laws
   and constitution of the state, was not based on proper proce-
   dure, was not supported by competent, material and substantial
   evidence on the whole record and was not a reasonable exercise
   of discretion. The court, Ronald J. Taylor, J., granted summary
   disposition in favor of defendant on the ground that plaintiff
   failed to state a claim upon which relief could be granted
   because the village council's interpretation of the setback re-
   quirement was reasonable. Plaintiff appealed.

       The Court of Appeals held:

       The circuit court erred in finding that the village council's
   decision to deny plaintiff's request for a building permit was
   supported by competent, material and substantial evidence on
   the whole record and represented the reasonable exercise of its
   discretion. The zoning board of appeals incorrectly interpreted
   the term "front setback line" and the definition of "lot area" in
   the applicable section of the zoning ordinance. Beginning from
   the proper starting point for the setback line, the street or curb
   line, plaintiff's proposed building would fit within the zoning
   requirements. The order of the circuit court upholding the

REFERENCES

Am Jur 2d, Covenants, Conditions, and Restrictions § 237.
Am Jur 2d, Zoning and Planning §§ 92-98.
Validity and construction of zoning regulations prescribing a mini-
    mum width or frontage for residence lots. 96 ALR2d 1367.
Validity of front setback provisions in zoning ordinance or regula-
    tion. 93 ALR2d 1223.

denial of the building permit is reversed and summary disposition is granted in favor of plaintiff.

Reversed.

1. ZONING — SETBACK.

The term "setback" for purposes of zoning generally means the distance between a street line and the front building line of a principal building or structure, projected to the side lines of the lot, and including driveways and parking areas.

2. ZONING — FRONT SETBACK LINE.

The starting point for establishing a front setback line for purposes of zoning normally is the street or curb line.

*William O. Lagoni,* and *Hartwig, Crow, Jones & Postelli* (by *John L. Crow*), for plaintiff.

*Michael D. Marrs,* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and SHEPHERD and M. E. DODGE,* JJ

D. E. HOLBROOK, JR., P.J. Plaintiff Joseph Macenas sought relief in the Berrien Circuit Court from a final decision of the Village of Michiana Zoning Board of Appeals in favor of defendant Village of Michiana. The circuit court granted summary disposition in favor of defendant and plaintiff appeals as of right.

Plaintiff is the owner of one and one-half lots of property located in New Buffalo Township, Berrien County. Together the lots measure 137 feet in depth and 60 feet in width at the rear. A portion of the lot bordering Ponchartrain Drive in the front, measuring twenty-five feet wide by forty-five feet deep, was owned by the village and later sold at auction to one Berg. As a result, plaintiff's frontage on Ponchartrain Drive measures only thirty-five feet; twenty feet on one side of Berg's

---

* Circuit judge, sitting on the Court of Appeals by assignment.

parcel and fifteen feet on the opposite side of the parcel.

Plaintiff wanted to construct a home on his lots but his application for a building permit was denied by the building inspector and the Michiana Zoning, Planning and Environmental Commission on the ground that his proposed building site would not comply with the Michiana zoning ordinance. Specifically, the zoning ordinance required that the lots upon which owners desired to build homes have a minimum width of fifty feet from side line to side line at the front setback line:

> Section 3 — RESIDENCE DISTRICT
> (B) Area Regulations.
> 1. LOT AREA. Each building hereafter erected or altered in the Residence District shall provide a lot with area dimensions conforming with the minimum requirements heretofore described, and no building shall hereafter be erected on a lot area smaller than prescribed herein. (See Section 1, Paragraph 7.) No lot area shall be so reduced or diminished that the yards or open spaces shall be smaller than prescribed by this ordinance.
>
> *  *  *
>
> Section 1 — DEFINITIONS
>
> *  *  *
>
> 7. LOT AREA. A parcel of land under common ownership with a minimum lot area of Five Thousand (5,000) square feet and a minimum width from side line to side line at the front setback line of Fifty (50) feet.

Section 1, Paragraph 10 defined setback as "[t]he minimum horizontal distance between the front line of the building and the street line."

Plaintiff asserted that his lot complied with the ordinance since it was sixty feet wide at the front line of his proposed building which was eighty-

nine feet back from the middle of Ponchartrain Drive. Plaintiff appealed the commission's decision to the village council. Acting as the zoning board of appeals, the council ruled against plaintiff on the same ground as the commission and added three other grounds not pertinent to this appeal.

On September 12, 1984, plaintiff filed a four-count complaint in the Berrien Circuit Court. Count I alleged that defendant's action in denying plaintiff's appeal was (a) not in compliance with the laws and constitution of the state, (b) not based on proper procedure, (c) not supported by competent, material and substantial evidence on the whole record, and (d) not a reasonable exercise of discretion.

Count II of the complaint alleged that the meeting of the council on August 29, 1984, at which it denied plaintiff's building permit, violated the Open Meetings Act.

Counts III and IV alleged that two of the village zoning ordinances, including the minimum width requirement ordinance, were unconstitutional.

Thereafter, defendant answered plaintiff's complaint and plaintiff moved for summary judgment as to Counts I, II and III pursuant to GCR 1963, 117.2(3). On November 7, 1984, defendant answered plaintiff's motion denying the allegations therein and arguing that the building permit was properly denied.

The circuit court denied plaintiff's motion and, thereafter, defendant moved for summary disposition on all four counts of plaintiff's complaint pursuant to MCR 2.116(C)(8) on the ground that plaintiff failed to state a claim upon which relief could be granted. The court granted defendant's motion as to all four counts. The instant appeal is from the grant of summary disposition with respect to Count I only.

This Court's review of the grant or denial of a motion for summary disposition for failure to state a claim upon which relief can be granted is well settled. The motion is to be tested by the pleadings alone. The motion tests the legal basis of the complaint, not whether it can be factually supported. The factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged. Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion should be denied. *Ortiz v Textron, Inc,* 140 Mich App 242, 244; 363 NW2d 464 (1985). In the instant case, the lower court granted defendant's motion for summary disposition on the ground that the village council's interpretation of the setback requirement was reasonable.

Cities and villages are given authority to enact zoning ordinances by MCL 125.581 *et seq.;* MSA 5.2931 *et seq.* Appeal from the final decision of the city or village zoning board of appeals is governed by statute and, at the time relevant to this appeal, could be had to the circuit court pursuant to MCL 125.585(6); MSA 5.2935(6). The standard of review is as follows:

> The decision of the board of appeals shall be final. However, a person having an interest affected by the zoning ordinance may appeal to the circuit court. Upon appeal, the circuit court shall review the record and decision of the board of appeals to insure that the decision:
>
> (a) Complies with the constitution and laws of this state.
>
> (b) Is based upon proper procedure.
>
> (c) Is supported by competent, material, and substantial evidence on the record.
>
> (d) Represents the reasonable exercise of discretion granted by law to the board of appeals.

Our review in these cases is de novo but we accord great weight to the findings of the trial court and zoning board of appeals due to their opportunity to see and hear the witnesses. The standard for granting appellate relief is whether our review of the record convinces us that we would have reached a different result had we sat as the trial court or zoning board of appeals. *Talcott v City of Midland,* 150 Mich App 143, 146; 387 NW2d 845 (1985).

This Court, when construing the provisions of a zoning ordinance, seeks to discover and give effect to the legislative intent. *Bangor Twp v Spresny,* 143 Mich App 177, 179; 371 NW2d 517 (1985). The language of a zoning ordinance, where doubt exists with respect to the determination of the extent of the restriction upon the use of property, must be interpreted in favor of the property owner. *Peacock Twp v Panetta,* 81 Mich App 733, 736-737; 265 NW2d 810 (1978). A zoning board of appeals has the authority to interpret the zoning ordinance which it administers. *Szluha v Avon Charter Twp,* 128 Mich App 402, 407; 340 NW2d 105 (1983); MCL 125.585(1); MSA 5.2935(1).

The ultimate issue in the instant case is whether the zoning board of appeals correctly interpreted the term "front setback line" and the definition of "lot area" in Section 1, Paragraph 7 of the Michiana Zoning Ordinance set forth above.

In addition to the lot area requirement, Paragraph 2 of Section 3 of the ordinance requires a minimum setback line of twenty feet from the street line:

> 2. SETBACK. There shall be a setback line of not less than twenty feet from the street line provided that when a majority of the buildings built on one side of a street between two intersecting streets at

the time of the passage of this ordinance shall have been built with a minimum setback of more or less than twenty feet from the street line no building hereafter erected or altered shall project beyond the minimum setback line so established.

Defendant contends that this section, read in conjunction with the definition of setback contained in Section 1, Paragraph 10, set forth above, means that the "front setback line" as stated in Section 1, Paragraph 7 is a line exactly twenty feet from Ponchartrain Drive. At that point, plaintiff's lot is only thirty-five feet wide. Plaintiff asserts to the contrary that, through expert testimony, he established that "front setback line" ordinarily means the line existing at the front of the building. If the front of the building is used as the front setback line, plaintiff's front setback line would be eigthy-nine feet from the center line of Ponchartrain Drive.

The circuit court concluded that the village council's actions in denying plaintiff's request for a building permit were supported by competent, material and substantial evidence on the whole record and constituted a reasonable exercise of the council's discretion. The circuit court found that the council's interpretation requiring that the measurement of the setback of the building be made at a point where the property is uninterrupted was reasonable and the council was correct in concluding that this exceeded the minimum twenty feet from the street setback line as contained in the ordinance. The court went on to conclude that, measuring the setback line at sixty-five feet from the street, plaintiff's building could not be built because the twenty-foot back yard

requirement contained in the ordinance would not be met.[1]

We disagree with the circuit court's conclusion. Defendant offered no evidence to support its assertion that the setback must be measured from an uninterrupted line. Rather, this requirement appears to be contrary to the existing definitions of setback. "Setback" is defined in 3 Anderson, American Law of Zoning (2d Ed), § 16.11, p 72, as

> the distance between a street line and the front building line of a principal building or structure, projected to the side lines of the lot, and including driveways and parking areas, except where otherwise restricted by this ordinance.

Anno: *Construction of front setback provisions in zoning ordinance or regulation,* 93 ALR2d 1244, 1247, discusses setback provisions as follows:

> [F]ront setback provisions appear in both positive and negative form, either requiring that buildings be set back a minimum or specified distance from the street or curb line or prohibiting their construction nearer than a specified distance from the street or curb line. In establishing the setback or building line such provisions may either (1) fix it at a minimum or specified distance from the abutting street, (2) require that front yards have a minimum or specified depth, or (3) base it upon the setback of a specified percentage of existing buildings or require that buildings be erected in line with adjacent buildings with reference to the distance from the street.

Nothing in this law states that the front setback line must be measured from the first uninterrupted point. Rather, the law consistently states

---

[1] We have reviewed the drawing of the site plan and it is clear that the twenty-foot back yard requirement has been met.

that the starting point for the setback line is the street or curb line.

Measuring plaintiff's lot from the street line, plaintiff's proposed building would fit within the zoning requirements. The portion of the ordinance requiring a setback line of not less than twenty feet from the street line is a minimum requirement which does not preclude a greater setback. Accordingly, the circuit court erred in finding that the village council's decision to deny plaintiff's request for a building permit was supported by competent, material and substantial evidence on the whole record and represented the reasonable exercise of its discretion. Therefore, its grant of defendant's motion for summary disposition was erroneous. Instead, we are of the opinion that plaintiff is entitled to summary disposition. We therefore reverse the order of the circuit court and enter summary disposition in favor of plaintiff pursuant to MCR 2.116(I)(2) and MCR 7.216(A)(7).

Reversed.