FREMONT TOWNSHIP v McGARVIE

Docket No. 88807. Submitted December 4, 1986, at Detroit. Decided December 7, 1987.

James and Donella McGarvie owned a parcel of property located within Fremont Township. The property, in excess of five acres, is within a commercial district, as designated by the township's zoning ordinance. When the McGarvies moved a mobile home onto the property to use as a residence, the township denied their request for a permit, requested removal of the mobile home, and eventually brought suit against the McGarvies in Tuscola Circuit Court seeking injunctive relief. The court, Patrick R. Joslyn, J., granted plaintiff's motion for summary disposition and entered an order enjoining defendants from continuing to maintain the mobile home for residential purposes. Defendants appealed.

The Court of Appeals *held:*

The article of the zoning ordinance pertinent to commercial districts would prohibit defendant's mobile home except that it allows uses otherwise provided in the ordinance. The general provisions of the zoning ordinance permit a mobile home of at least 720 square feet of floor space on a parcel of property exceeding five acres. Upon removal of the wheels and placement of the mobile home upon a permanently constructed foundation, the mobile home ceases to be considered a mobile home and is considered a dwelling within the meaning of the zoning ordinance. When these provisions are satisfied, the use of a mobile home as a residence in a commercial district is permitted.

Reversed.

REFERENCES

Am Jur 2d, Mobile Homes, Trailer Parks and Tourist Camps §§ 13, 14.

Validity of zoning or building regulations restricting mobile homes or trailers to established mobile home or trailer parks. 17 ALR4th 106.

Validity and application of zoning regulations relating to mobile home or trailer parks. 42 ALR3d 598.

See also the annotations in the Index to Annotations under Mobile Homes, Trailer Parks, and Tourist Camps and Zoning.

DANHOF, C.J., dissented. He would hold that the general provisions relied upon by the majority were intended to apply to residential districts only. He would affirm.

1. ZONING — ORDINANCES — JUDICIAL CONSTRUCTION.

The underlying principle of the proper construction of a zoning ordinance is to discover and give effect to the intent of the lawmaker.

2. ZONING — JUDICIAL CONSTRUCTION.

The language of a zoning ordinance must be interpreted, for purposes of determining the extent of a restriction upon the use of property, in favor of the property owner where doubt exists as to the intention of the legislative body.

3. ZONING — MOBILE HOMES.

A zoning ordinance which otherwise would prohibit the use of a mobile home as a residence in a commercially zoned district is ineffective to stop such use where the article governing commercial districts concludes with the words "except as otherwise provided in this Ordinance" and general provisions set forth later in the ordinance allow the use of a mobile home as a residence when certain requirements are met.

*Ransford, Crews & Burgess, P.C.* (by *Duane E. Burgess*), for plaintiff.

*Law Office of W. J. Drillock* (by *Richard A. Rinn*), for defendants.

Before: DANHOF, C.J., and SHEPHERD and W. A. PORTER,* JJ.

W. A. PORTER, J. Defendants appeal as of right from an order of summary disposition in favor of plaintiff township. The order enjoined defendants from continuing to maintain a mobile home for residential purposes on property that was zoned for commercial use. We reverse.

The pertinent facts were established by the allegations of plaintiff's complaint that were admitted by defendants' answer. Defendants owned a parcel

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of property located within the Township of Fremont. This parcel, apparently exceeding five acres, is within a commercial district, as designated by the Fremont Township Zoning Ordinance. When defendants moved a mobile home onto the property to use as a residence, plaintiff denied defendants' request for a permit, requested removal of the mobile home, and eventually instituted this suit for injunctive relief.

Article V of the Zoning Ordinance governs the use of land in commercial districts. Section 5.01 of that article states in pertinent part:

> No land shall hereafter be used and no building or structure hereafter erected, altered or moved upon any premises and used for other than one or more of the following uses, except as otherwise provided in this Ordinance:
>
> * * *
>
> I. Mobile Home Parks.

Since defendants' mobile home is not part of a mobile home park, but rather is a single unit, the use permitted by § 5.01(I) is inapplicable. The other permissible uses in § 5.01 do not contemplate a mobile home, but instead permit strictly nonresidential uses, e.g., retail businesses, barber shops, motels, banks, fraternal organizations. Therefore, Article V appears to unambiguously prohibit defendants' mobile home, unless the § 5.01 exception for uses "as otherwise provided in this Ordinance" is applicable.

Defendants rely on Article IX-General Provisions. Section 9.01 states:

> Except as otherwise provided in this Ordinance, no land or existing building (subject to Section 9.02) and no new building or structure shall hereafter be located, erected, altered or moved upon

any premises other than in conformity with the provisions of this Ordinance.

With respect to mobile homes, § 9.07 provides in pertinent part:

> A. All occupied mobile homes shall be located in mobile home parks under the jurisdiction of the Michigan Department of Health, except as hereinafter provided.
> B. The owner of five (5) acres of real estate may erect or move not more than one (1) mobile home upon such premises permanently, providing they meet the minimum floor space of seven hundred twenty (720) square feet.
>
> \* \* \*
>
> E. Upon removal of the wheels from a mobile home and its placement upon a permanently constructed foundation, it shall not thereafter be deemed a mobile home, but a dwelling within the meaning of this Ordinance.

Defendants argue that § 9.07(B), when satisfied, exempts the use of a mobile home from all other use restrictions in Article V of the Zoning Ordinance. We agree.

The underlying principle of the proper construction of a zoning ordinance is to discover and give effect to the intent of the lawmaker. *Bangor Twp v Spresny,* 143 Mich App 177, 179; 371 NW2d 517 (1985). When interpreting the language of an ordinance to determine the extent of a restriction upon the use of the property, the language must be interpreted, where doubt exists, in favor of the property owner. *Talcott v Midland,* 150 Mich App 143, 147; 387 NW2d 845 (1985).

The use provisions in Articles III-Residential Districts, IV-Agricultural and Residential Districts, and V-Commercial Districts are identical and provide:

No land shall hereafter be used and no building or structure hereafter erected, altered or moved upon any premises and used for other than one or more of the following uses *except as otherwise provided in this Ordinance.* [Emphasis added.]

In contrast, the use provisions in Articles VI-Industrial Districts I-I, VII-Industrial Districts I-2, and VIII-Recreational Districts do not include a reference to other portions of the ordinance. We believe this is dispositive.

The use provisions pertaining to residential, agricultural and residential, and commercial districts allow sections of Article IX, including § 9.07(B), to be applied to such districts where they are not inapposite on their face. Further, since the article is entitled "General Provisions" and most of its sections, by their language, apply to several or all of the districts, it appears that § 9.07(B) was intended to apply to commercial districts as well as to residential and agricultural and residential districts.

Ambiguous statutes are interpreted as a whole and are construed so as to give effect to each provision and to produce a harmonious and consistent result. *Hagen v Dep't of Ed,* 154 Mich App 662, 670; 398 NW2d 485 (1986). This rule of statutory construction applies equally to zoning ordinances. Plaintiff's interpretation of the ordinance gives no meaning to the emphasized portion of the use provision in Article v. The trial court's order of summary disposition in favor of plaintiff, which permanently enjoined defendants from the continued residential use of their mobile home located in a commercial district, is reversed.

In light of our ruling, we will not address defendant's additional claims.

Reversed.

SHEPHERD, J., concurred.

DANHOF, C.J. *(dissenting).* I would affirm the circuit court's order of summary disposition because subsection B of § 9.07 of the Fremont Township Zoning Ordinance was intended to apply to residential districts only. Exceptions in ordinances, like statutory exceptions, are construed narrowly. *Fink v Detroit,* 124 Mich App 44; 333 NW2d 376 (1983); *Rzepka v Farm Estates, Inc,* 83 Mich App 702; 269 NW2d 270 (1978). Subsection B provides that one mobile home may be placed on five acres of real estate provided that the mobile home meets the minimum floor space requirement of 720 square feet. Since 720 square feet is the minimum floor space requirement for structures located in residential districts, I think this is evidence that subsection B was meant to apply to residential districts. The minimum floor space requirement for commercial uses is 320 square feet. Subsection B should not be extended to commercial uses when its minimum floor space requirement is a clear indication that it was intended to apply to residential uses only.

In addition, subsection B allows the mobile home to be placed on the property "permanently." "Permanently" is not defined in the ordinance. However, subsection B may be read with subsection E, which refers to a mobile home on a "permanently constructed foundation." Such a "permanent" mobile home "shall not thereafter be deemed a mobile home, but a dwelling within the meaning of this Ordinance."

The majority's reading of the ordinance defeats the overall purpose of zoning, which is to keep like uses of land together and to separate unlike uses. Mobile homes are clearly required to be in mobile home parks in commercial districts. However, the

zoning ordinance recognizes that in some cases a mobile home is more appropriately treated as a residential use when it is permanently placed on at least five acres of land and it has at least 720 square feet of floor space. Thus, it defeats the purpose of zoning if such a mobile home is allowed in commercial districts rather than restricted to residential districts.

The order of the circuit court should be affirmed.